SAMUEL B. WIGHT, plaintiff in error, vs. NATHANIEL HES-
TER, adm'r of JOHN B. WIGHT, deceased, defendant in er-
ror.

[1.] In an action of trover for promissory notes, the matter in issue is the title
to the notes, and not the consideration for which they were given.

[2.] If a jury find a verdict generally for the difference between notes, it is no
error for the Court to send them back to find the amount.

[3.] If the jury find against a fact, the proof of which depends on circumstantial
evidence, the Court cannot, on a motion for a new trial, assume the fact as
proven.

[4.] A party cannot obtain a new trial on the ground of newly discovered evi-
dence, when the evidence was in his own possession, and known to be so
at the time.

[5.] Promissory notes are evidence of their own value in an action of trover.

[6.] In an action of trover for a promissory note, whether the party who made
the contract, gave too much or too little for the property for which they were
given, cannot be enquired into.

Trover and new trial, from Baker county.  Tried before
Judge ALLEN.  May Term, 1857.

This was an action of trover brought by Nathaniel Hester,
as administrator of John B. Wight, deceased, against Samuel
B. Wight, to recover two promissory notes for $1,000 each,
which had been given to the said John B. Wight during his
lifetime, by the said Samuel, in payment for negroes sold to
him by intestate.

The jury, upon the evidence and charge of the Court, found
for the plaintiff $600, and cost.

Whereupon defendant moved for a new trial, upon the
following grounds.

1st. (Abandoned by plaintiff in error.)

2d. Because the Court erred in charging the jury, that upon
the soundness or unsoundness of the negroes, for which the
notes in dispute were given, depended the liability entirely
of the defendant.  That if said negroes were unsound at the
time of their sale to the defendant that the jury would deter-

mine how much and deduct from defendant's liability, and if they were sound, they would find for the plaintiff.

3d. Because the jury returned their verdict into Court for the difference between the notes of Andrew Odum, turned over by defendant to the widow of John B. Wight, and the notes of defendant sued for, and were directed by the Court to return to their room and ascertain by their verdict the amount of that difference; and this too, after the jury had declared their inability to determine what that difference was.

4th. Because the evidence showed that the exchange of notes by defendant and John B. Wight's widow was voluntary and freely made upon the part of said widow, and that the plaintiff was also present, and that it was in accordance with the desire and intentions of the said John B. Wight.

5th. Because the jury found, contrary to the law and the evidence, and without any evidence to support their verdict.

6th. Because since the verdict or during the concluding argument of plaintiff's counsel, it came to the knowledge of defendant's counsel, that said defendant had notified the said John B. Wight, on the day after the negroes were received, that the negroes were not such as represented by the said John B. Wight, to defendant, and that they would not answer the purpose for which defendant had traded for them, and as represented by said John B., that they would; and that there was so much difference between the negroes and what John B. represented them, that defendant did not consider it a trade; and that John B. acknowledged the reception of said notice from said defendant, and expressed a desire and intention to compromise the matter, and that really it never was considered as a permanent trade between the parties. That said letter is now in the possession of the said plaintiff, or the former wife of John B. Wight.

7th. Because there was no evidence as to the value of the notes declared for.

8th. Because the evidence showed that the negroes were

worth only about $2,500, and that the defendant had paid that much money.

In support of this motion, on the 6th ground, the defendant made an affidavit of the facts set out therein.

Upon hearing the motion for a new trial, the Court overruled the same on all the grounds taken, and to this decision of the Court the defendant excepted.

LYON & CLARK, for plaintiff in error.

SMITH; and BOWERS, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

This was an action of trover for the recovery of two promissory notes of one thousand dollars each, which had been given by the plaintiff in error to the defendant's intestate, in his lifetime, in part payment for several negroes purchased from him. The negroes were alleged to be unsound by the purchaser, who had had a friendly correspondence with the intestate in his lifetime, and who had said that he wished the matter settled, and that he would lose something. The parties were brothers. The plaintiff in error had sold a part of the negroes for twenty-two hundred dollars, to a man named Odum, and he held his note for $1200, a part of the sum. One of the negroes had died. Shortly after the death of the intestate, the defendant called at his house and proposed to exchange Odum's note for $1200, for his two notes of $2000. The exchange was made without difficulty on the representation, (according to one witness) of the plaintiff in error, that his deceased brother had agreed to allow the difference between the notes given and received. There was, at the time, no administration on the estate of the deceased. After the administration, the administrator collected the money on Odum's note, and according to the evidence of Griffin, the difference between the exchanged notes was about six

hundred dollars, and the jury found that sum. A motion was made for a new trial on the several grounds mentioned in the statement of the case. The Court overruled the motion and the decision of the presiding Judge is excepted to.

The first ground is abandoned by the plaintiff in error.

[1.] We think the Court erred in charging the jury, that upon the soundness or unsoundness of the negroes for which the notes sued for were given, depended entirely the liability of the defendant; that if the negroes were unsound at the time of the sale, the jury would determine how much they would deduct from the defendant's liability; and if they were sound they would find for the plaintiff. In this action the matter in issue between the parties, was the title to the promissory notes sued for, and that depended, in no manner, upon the soundness or unsoundness of the negroes.

The trade in regard to the negroes was necessarily involved in the investigation, because the exchange of notes was made on the ground that it was claimed by the plaintiff in error, that the intestate had agreed to allow the difference between the notes exchanged as the amount proper to be allowed for the loss on the negroes. If that fact could be established to the satisfaction of the jury, the administrator could not make out his title, notwithstanding the exchange was made prior to an administration on the estate. If such was the agreement between the parties, and the administrator was satisfied of it, he ought to have made the exchange, if it had not been done prior to the administration, rather than to run his intestate's estate to the expense of litigating the matter. Upon this ground, and this alone, of all those taken in the motion, we think the Court ought to have granted a new trial.

[2.] There was no error in the order of the Court to the jury to return to their room and calculate for themselves, the difference between the exchanged notes and return a verdict for that amount instead of a verdict generally for the difference between the notes. The data for the calculation were

before them, in the evidence, and their subsequent finding showed pretty well that they understood it.'

[3.] The fourth ground assumes that the exchange of notes was made in accordance with the desire and intention of the intestate. There is no express evidence to that effect. It is a matter in controversy, between the parties, and must be decided by the jury upon all the evidence before them. If they find such to be the fact, the verdict, we do not hesitate to say, ought to be for the defendant, notwithstanding the exchange was made before administration.

As the case goes back, we pass no judgment on the ground that the verdict was contrary to evidence.

[4.] The newly discovered evidence might have been obtained before the trial by the use of diligence. It was in his possession.

[5.] The notes were evidence of their own value.

[6.] This was an action of trover for the notes, and involved no issue in respect to the value of the negroes, or the original contract between the parties. The question in regard to the recovery of the notes is one of title, and depends on the agreement between the parties in regard to the exchange of notes, and for that the parties must look to their correspondence and all the other evidence delivered.

Judgment reversed.