JAMES COOK, plaintiff in error, *vs.* MARTHA J. COOK, defendant in error.

1. In divorce cases, the husband is an incompetent witness to prove the adultery of his wife. (R.)
2. It is error in the Court to charge upon a point not in evidence. (R.)
3. An immaterial error is no ground of new trial. (R.)

Divorce. Witness. Charge of Court. New trial. Immaterial error. Before Judge JOHNSON. Talbot Superior Court. March Term, 1872.

James Cook filed his libel for divorce against his wife, Martha J. Cook. The respondent made no defense. The libellant and his brother, John Cook, were introduced and proved adultery upon the part of respondent, and an immediate separation thereupon between the parties.

The Court charged the jury, "that the law authorized them to decree a divorce in cases of adultery on the part of the wife; but that if the libellant abandoned his wife without sufficient cause, and by his bad conduct to her exposed her, and she committed adultery, he was not entitled to have a divorce."

The jury returned a verdict for respondent and libellant moved for a new trial upon the following grounds, to-wit:

1st. Because the charge of the Court was contrary to law and unauthorized by the facts.

2d. Because the verdict of the jury was contrary to law.

3d. Because the verdict of the jury was so far contrary to the evidence as to shock the moral sense.

The Court overruled the motion for a new trial, and plaintiff in error excepted and assigns said ruling as error.

CAREY J. THORNTON; G. N. FORBES, represented by Z. D. HARRISON, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

The complainant filed a libel against the defendant for a divorce. On the trial, the jury found a verdict for the defendant. The complainant made a motion for a new trial, on the ground of error in the charge of the Court, and because the verdict was contrary to law and the evidence, which was overruled by the Court and the complainant excepted. The evidence in the record, if the jury believed the two witnesses, (the complainant and his brother,) made out a pretty clear case of adultery on the part of the defendant. The complainant, however, was an incompetent witness to prove the adultery of his wife, as declared by the 3799th section of the Code. Although we think the Court erred in charging the jury in relation to the abandonment of his wife by complainant, and his bad treatment of her, (there being no evidence to authorize the charge,) still, as it was the exclusive province of the jury, in cases of divorce, to judge of the credibility of the witnesses, and to determine whether sufficient proofs had been submitted to their consideration to authorize a divorce between the parties, and they having found, by their verdict, that there was not, and the presiding Judge being satisfied with the verdict, we will not reverse the judgment of the Court below in refusing to grant a new trial for the alleged error in the charge of the Court. In divorce cases, the jury of the vicinage are much better acquainted with the parties and witnesses than we can be, and of the propriety of decreeing a dissolution of the marriage contract.

Let the judgment of the Court below be affirmed.