JAMES H. WOOLFOLK, plaintiff in error, vs. GERTRUDE J. WOOLFOLK, defendant in error.

53  661
115  237

1. The confession of the respondent as to acts of adultery since his marriage, uncorroborated by other circumstances, will not authorize the granting of a divorce.
2. The libelant in a divorce case is an incompetent witness to prove adultery on the part of respondent.
3. Newly discovered evidence of an independent fact, not merely cumulative, is ground of new trial.

Husband and wife. Divorce. Confessions. Evidence. Witness. New trial. Before Judge HILL. Bibb Superior Court. October Term, 1874.

For the facts of this case, see the decision.

WHITTLE & GUSTIN, for plaintiff in error.

LANIER & ANDERSON, HILL & HARRIS; B. H. HILL, for defendant.

WARNER, Chief Justice.

The plaintiff in the court below filed her libel for a divorce against the defendant, alleging as grounds therefor cruel treatment, habitual drunkenness, and adultery with a colored woman named Tabitha. On the trial there was much evidence introduced by the respective parties. The jury found a verdict for the defendant. A motion was made for a new trial on the ground that the verdict was contrary to law, contrary to the evidence, and strongly and decidedly against the weight of the evidence, and on the ground of newly discovered evidence. The court granted a new trial on the last ground specified in the motion, whereupon the defendant excepted.

1. There is evidence in the record of the defendant's unlawful intimacy with the negro woman, Tabitha, previous to his marriage with the plaintiff, but there was no other legal evidence of that fact since the marriage, except his confession, which, under the statute, was not sufficient unless corrobora-

ted by other circumstances, to authorize the granting of a divorce.

2. The evidence of the plaintiff, so far as that evidence went to prove adultery on the part of the defendant, was incompetent and illegal: Code, sec. 3855.

3. The newly discovered evidence, therefore, of Graybill and Phillips, that they had seen the defendant visiting the house of the woman, Tabitha, *after* his marriage, was not merely cumulative evidence as to the question of adultery, but was an independent fact—a corroborating circumstance in support of the truth of his confession made to Mrs. Wyche. The fact that the defendant visited the woman, Tabitha, after his marriage has the more significance as to the question of adultery, because she was his kept mistress before his marriage with the plaintiff. This newly discovered evidence, when taken in connection with the other evidence in the record, probably might produce a different result on the next trial of the case. In view of the facts disclosed in the record, there was not such a manifest abuse of the discretion of the court below in granting the new trial as will authorize this court to control it.

Let the judgment be affirmed.