# Cotton *et al. v.* The State.

### *Indictment for Living in Adultery.*

1. *Witness; who incompetent.*—The husband of a woman, jointly indicted with her paramour for living in adultery, is incompetent to testify against either of them on their trial for that offense.

APPEAL from Barbour Circuit Court.

Tried before Hon. HENRY D. CLAYTON.

The appellant, Bob Cotton, was convicted of living in adultery with one Martha Cox, who was jointly indicted and tried with him. On the trial the court permitted the husband of said Martha to testify against him as a witness for the State, against the objection and exception of the appellant, and this ruling is now assigned as error.

JOHN A. FOSTER, for appellant.—The husband of a woman, jointly indicted with her paramour for living in adultery, is an incompetent witness against either on a trial for the

[Cotton et al. v. The State.]

offense.—See 2 Brewster, 569; 32 Miss. 405; 1 Gray 555; 1 Greenl. Ev. § 334–5; 13 Shep. 30; 11 Mass. 441.

H. C. TOMPKINS, Attorney-General, *contra.*

BRICKELL, C. J.—The common law excluded the husband and wife as a witness in any case, civil or criminal, in which either was a party. The principle of the rule required its application to all cases in which the interests of husband or wife were involved. Therefore, "the wife is not a competent witness against any co-defendant, tried with her husband, if the testimony concern the husband, though it be not directly given against him."—1 Green. Ev. §§ 334–35. The reason for the exclusion is founded partly on the identity of interest and partly on considerations of public policy, "which lie at the basis of civil society." The statute removing interest as a cause of excluding witnesses, and rendering parties competent, is, by its terms, confined to suits and proceedings *other than criminal cases.*—Code of 1876, § 3058. In *State v. Welsh,* 13 Shep. (26 Me.,) 30, it was held, that on the trial of an indictment against a man for the crime of adultery the husband of the woman, with whom the crime is alleged to have been committed, is not a competent witness to prove the act of adultery. The court say: "If there is soundness in the reason, which is given in the books, for holding incompetent the husband or the wife to give, against each other, evidence, because it may be the "means of implacable discord and dissension between them," it is certainly difficult to perceive how that discord and dissension will fail to arise, when, in collateral proceedings, testimony should be given by one which charges directly upon the other the same crime, for the commission of which the party on trial is indicted." It was said by PARKER, C. J., in *Canton v. Bentley,* 11 Mass. 441: "It may well be doubted whether a husband can be a competent witness to prove a fact, which amounts to adultery on the part of the wife; and it would certainly be against good manners and common decency that such evidence should be admitted."

The wife and her accomplice in guilt were jointly indicted and tried. The husband was surely incompetent to testify against the wife, and was also incompetent to testify against her accomplice.

The judgment must be reversed and the cause remanded, the appellants remaining in custody until discharged by due course of law.