## THOMAS v. THE STATE.

The evidence fully authorized the verdict, and there was no error requiring the granting of a new trial.

Argued April 21, — Decided April 24, 1902.

Indictment for adultery. Before Judge Butt. Muscogee superior court. March 1, 1902.

*John R. Cooper*, for plaintiff in error.
*S. P. Gilbert, solicitor-general*, contra.

COBB, J. The accused was placed on trial upon an indictment charging him with the offense of adultery. The defense rested upon two separate and distinct theories: first, that the accused was not guilty of the act charged in the indictment; and, second, that if he was, he was insane at the moment of its commission. The jury, not being impressed with the soundness of either of these defenses, expressed their dissatisfaction with the evidence introduced in behalf of the accused on the two lines of defense by returning a general verdict of guilty. The accused complains here that the court refused to grant him a new trial. It is unnecessary to a proper determination of the case to set forth in detail the evidence introduced at the trial; it is sufficient to say that while the evidence was, as to many of the material points in the case, directly conflicting, there was an abundance of evidence authorizing the jury to find, not only that the accused was guilty of the act of adultery charged, but that he was, at the time of its commission, a man of sound mind.

It is alleged that the court erred in permitting the husband of the woman with whom the act of adultery was alleged to have been committed to testify to the fact that he and the woman were married. At common law the husband and wife were prohibited from testifying against each other in criminal cases; and it has been held that, under the principle of the common-law rule, the husband and wife can not testify against each other, where one is prosecuted for the offense of adultery, either to prove the illicit conduct or the fact of marriage. Bish. Stat. Cr. (3d ed.) § 688; Mills *v.* U. S., 1 Pin. (Wis.) 73; State *v.* Armstrong, 4 Minn. 335; State *v.* Gardner, 1 Root, 485; Thomas *v.* State, 14 Tex. App. 70. It has been often held that in a prosecution against a man for adultery the husband of the

woman with whom the act of adultery is alleged to have been committed is not a competent witness to prove the act of adultery. Cotton *v.* State, 62 Ala. 12; Com. *v.* Gordon, 2 Brews. 569; State *v.* Welch, 26 Me. 30, s. c. 45 Am. D. 94; Com. *v.* Sparks, 7 Allen, 534. In the case of *Howard* v. *State,* 94 *Ga.* 587, it was held that the husband of a woman with whom an act of adultery was alleged to have been committed was an incompetent witness to prove the criminal act, notwithstanding the statute of this State required that persons accused of this offense must be severally indicted and that an acquittal of one would not operate to acquit the other. Whether under the principle of the common-law rule the husband would, in such a case, be excluded as a witness when offered merely for the purpose of testifying to the fact that he was married to the woman with whom the adultery was claimed to have been committed, is a question upon which the authorities are not at all agreed. In the case of The King *v.* Cliviger, 2 Term Rep. 263, it was held that neither the husband nor the wife would be allowed to testify in any case where the evidence given would even tend to criminate the other; and that for this reason neither would be allowed to testify to the fact of marriage with the other, where this fact would tend to criminate the other. See also Davis *v.* Dinwoody, 4 Term Rep. 678. In The King *v.* All Saints, 6 M. & S. 194, Lord Ellenborough expressed his dissatisfaction with the ruling in The King *v.* Cliviger, and stated that if the decision in that case could be construed to be a ruling to the effect that the wife is an incompetent witness as to every fact which may possibly have a tendency to criminate her husband, or which, connected with other facts, may perhaps go to form a link in a complicated chain of evidence against him, such a decision "would go beyond all bounds, and there is not any authority to sustain it." In Rex *v.* Bathwick, 2 Barn. & Adol. 639 (22 Eng. Com. L. Rep. 268), Lord Tenterden confines the decision in The King *v.* Cliviger to cases in which there is a direct proceeding against the husband or wife, as the case may be, for an offense; holding that in such a case neither can be called as a witness to prove either the innocence or guilt of the party on trial, and that in cases where there is no direct charge or proceeding against the husband the wife would be a competent witness to prove the fact of marriage, notwithstanding such evidence, if offered upon a trial where the husband was directly proceeded against, would tend to show

that he was guilty of a crime.   See also, in this connection, Com.
v. Sparks, supra.   The evidence act of 1866, which abolished the
common-law rule excluding a party as a witness, except in specified
cases, contained an exception which provided that nothing in that
act should "apply to any action, suit, or proceeding in any court,
instituted in consequence of adultery."   Civil Code, § 5272.   Un-
der this rule it has been held that in a divorce case the libellant
is an incompetent witness to prove the adultery of the respondent.
*Cook* v. *Cook*, 46 *Ga.* 308;   *Woolfolk* v. *Woolfolk*, 53 *Ga.* 661.
See, in this connection, *Williams* v. *State*, 69 *Ga.* 30 ;   *Sloan* v.
*Briant*, 56 *Ga.* 59.

We do not deem it necessary, however, in the present case to de-
termine the question as to whether the court erred in permitting
the husband of the woman with whom the adultery was alleged
to have been committed to testify to the fact that she was married
to him ; for the reason that there was other evidence, which was un-
contradicted, tending to establish this fact, and the accused in his
statement practically admitted that the woman in question was
married.   Indeed, the fact of marriage does not seem to have been
at all in issue at the trial; and if the court erred in allowing the
testimony, the error was harmless.

The motion for a new trial contains numerous other grounds.
None of them, we think, were sufficient to require the granting of
a new trial.   The motion to continue was properly overruled. The
charge, when taken as a whole, fairly submitted all of the issues to
the jury, and those portions of the charge which were assigned as
error were not erroneous for any of the reasons stated.   While the
remarks of the solicitor-general which were complained of were
improper, it appears that upon objection by counsel the solicitor-
general desisted from further remarks along the line objected to,
and that no ruling was invoked from the court on the subject of
the remarks which had been made.

*Judgment affirmed.   All the Justices concurring, except Lewis,
J., absent.*