## 5646. SMITH *v.* THE STATE.

Although by statute persons accused of adultery and fornication must be severally indicted (Penal Code, § 372), and although the acquittal of one will not operate to acquit the other, the wife of the man participating in such a criminal act is not competent to testify against the woman accused thereof, since the man must necessarily be guilty if the guilt of the woman be established. *Howard* v. *State*, 94 *Ga.* 587 (20 S. E. 426). It follows that the wife can not make an affidavit which furnishes the basis for a warrant, or sign an accusation, charging another woman with adultery committed with the husband.

DECIDED MAY 16, 1914.

Accusation of adultery; from city court of Valdosta—Judge Cranford. January 1, 1914.

*Franklin & Langdale,* for plaintiff in error.

WADE, J.  Lula Smith was tried in the city court of Valdosta, on an accusation charging her with a misdemeanor, "for that the said Lula Smith on the 24th day of March, in the year 1914, in the county aforesaid, . . . being then and there a married woman whose husband was other than John Bell, did have sexual intercourse with and carnally know the said John Bell, whose wife was other than the said Lula Smith." This accusation was dated March 30, 1914, and signed "Mamie Bell, prosecutrix," and was also signed by the solicitor of the city court of Valdosta. The accusation makes the recital that "the prosecutrix, in the name and behalf of the citizens of Georgia, and upon her certain affidavit made before an officer authorized to administer oaths in said county, which said affidavit is made the basis of this accusation, charges and accuses Lula Smith," etc. The record discloses further an affidavit dated March 24, 1914, and signed by Mamie Bell, which charges Lula Smith with the offense of living in adultery, and recites that it is made by the "prosecutrix whose name is hereto subscribed."

The defendant filed a plea in abatement which set up the following grounds: (1) "That said accusation is based on a warrant sworn out by the wife of John Bell, with whom defendant is charged in said accusation with the commission of the offense of adultery." (2) "That said wife of John Bell was incompetent in law to swear out said warrant." (3) "That said warrant is void and the accusation resting thereon is also void." The defendant prayed that the issues raised by her plea in abatement be submitted to a jury, and that the court enter an order quashing the accusation and dismissing the case. The court, on motion of counsel for the State, struck this plea as insufficient in law; and the defendant, after trial, conviction, and sentence, brought the case to this court on exceptions to the striking of the plea. It does not appear what other proceedings were had, or what evidence was adduced in behalf of the State; and the sole question presented to this court is on the sufficiency of the plea in abatement.

It is unnecessary to enter into any lengthy discussion of the reasons why a husband is incompetent to testify against his wife, or a wife against her husband, in all criminal cases other than those specially excepted from the operation of the general rule (Penal

Code, § 1037, par. 4), and particularly why either is incompetent to testify to the adultery of the other. Suffice it to say, as held in *Bishop* v. *Bishop,* 124 *Ga.* 297 (52 S. E. 745) : "Public policy forbids that a husband [or wife] should be permitted to thus testify," even where no objection is made to such testimony or where there is an agreement to receive it. See also *Ector* v. *State,* 10 *Ga. App.* 777. It is well settled in Georgia, since the decision in *Howard* v. *State,* 94 *Ga.* 587 (20 S. E. 426), that, "the crime of adultery and fornication being one in which the woman is necessarily guilty as well as the man, the husband of the woman is an incompetent witness against the man to prove the act of adultery and fornication," notwithstanding section 372 of the Penal Code, supra. This decision has been cited with approval in *Rivers* v. *State,* 118 *Ga.* 42 (44 S. E. 859), and *Thomas* v. *State,* 115 *Ga.* 235 (41 S. E. 578). Of course, what is said as to the competency of a husband as a witness against the paramour of his wife would apply equally to the wife as a witness against the paramour of her husband, and unquestionably such testimony would be inadmissible, and a conviction of fornication and adultery could not be had on the evidence of the wife of the man with whom the accused is charged with committing this offense. This being true, the same public policy would equally prohibit the wife from making the affidavit which furnishes the basis for the prosecution or charge, or from preferring in her name an accusation which rests upon such an affidavit, or from obtaining an indictment by the grand jury which depends upon her evidence or upon which her name appears as prosecutrix.

The precise question has never been judicially determined in Georgia, but, reasoning by analogy, we must conclude that an accusation based on an affidavit made by one who is incompetent to testify on the trial of the case, and who should therefore be incompetent to make the affidavit, is not a good and valid accusation. It was held in the case of the State *v.* Tankersly, 6 Lea (Tenn.), 582, that in the absence of a statute the husband is not a competent prosecutor against his wife, and if his name is so indorsed on an indictment against her, it is equivalent to having no prosecutor indorsed thereon. See also Cyc. 22, 202 (g). Under the statutes of several States, it has been held, in cases of bigamy, polygamy, adultery, and incest, that an indictment may be valid

where the prosecuting witness is the defendant's wife. United States *v.* Cutler, 5 Utah, 608 (19 Pac. 145) ; Ex parte Hendrickson, 6 Utah, 3 (21 Pac. 396) ; State *v.* Tucker, 20 Iowa, 508; State *v.* Briggs, 68 Iowa, 416 (27 N. W. 358). But in People *v.* Briggs, 60 How. Pr. (N. Y.) 17, it was held that in a murder case involving the adultery of the defendant's wife as the provoking cause, the indictment is invalid if based on her evidence. Also, under a provision in the New York Criminal Code, declaring that the grand jury can receive only legal evidence, it was held that an indictment for murder, based on material evidence of the wife of the accused, should be set aside. People *v.* Moore, 65 How. Pr. (N. Y.) 177. And in the case of the State *v.* Tankersly, supra, the court held that where there is no statute authorizing the husband or the wife to testify in a bigamy case, an indictment found on such testimony is invalid. In Jones *v.* State, 81 Ala. 79 (1 So. 32), it was held that where the evidence before the grand jury was partly incompetent, the indictment would not be set aside if there was also competent evidence before them. From the citations given above, it is clear that the rule adopted and followed by courts of last resort in different jurisdictions depends largely upon the particular statute which may there be in force; and hence, after all, we are compelled to solve the question at issue in the light of the Georgia statute, and such Georgia decisions as may aid in its solution.

The proposition seems plain, and it seems unnecessary to multiply words on a question which after all resolves itself into this and this alone: If a wife can not testify against her husband or against her husband's paramour in a case of adultery, for reasons of public policy, or simply for the reason that the law so declares, on what theory or ground could it be said or argued that she was competent to make a solemn affidavit as a basis for an accusation which charges him with a crime, or affix her name as prosecutrix to an accusation resting on her affidavit, which by name and in so many words charges and accuses another woman with the crime of adultery committed with the husband of the affiant or prosecutrix? Where a wife is forbidden by law to testify against a defendant in a criminal proceeding necessarily involving her husband as a joint offender, it would be a legal anomaly if she could nevertheless supply by her affidavit or solemnly preferred accusation the essen-

tial basis without which such a proceeding could neither be commenced nor prosecuted. How could she by affidavit or accusation launch and direct against her husband a force which she may not thereafter accelerate or retard by her testimony? If her evidence tending to criminate her husband, except in certain cases where the law allows the privilege, can not be admitted, how can she furnish the foundation upon which a superstructure of crime surrounding her husband is designedly erected? If, as held in some jurisdictions, an indictment obtained on the testimony of a wife against her husband is void, certainly an accusation resting upon her affidavit, which charges her husband with a criminal offense or makes him a party to a criminal offense charged against another, could not be good under the Georgia statute making the wife incompetent as a witness in criminal cases against her husband, or under the decision in *Howard* v. *State,* cited above, under which her incompetency covers such a case as the one under consideration.

The trial judge erred in striking the plea in abatement. He should have heard testimony thereon; and if the jury found that Mamie Bell was the wife of the identical John Bell named in the accusation, the accusation should have been quashed.

*Judgment reversed.*