### 14595.   THOMPSON *v.* CRAWFORD.

A wife is not a competent witness for her husband in a suit by him against another for alienating her affections, where the suit is based upon and instituted in consequence of her adultery with the defendant.

The judge did not err in holding that the wife of the plaintiff was incompetent to testify in his behalf, or thereafter in granting a nonsuit.

DECIDED OCTOBER 3, 1923.

Action for damages; from Fannin superior court — Judge Blair. April 9, 1923.

*T. A. Brown, T. H. Crawford, B. L. Smith,* for plaintiff.

*Bryan & Middlebrooks, William Butt,* for defendant.

BLOODWORTH, J. The only question for determination by this court is whether or not the wife of the plaintiff who sues another for alienating her affections is a competent witness for the plaintiff, her husband, to prove the allegations of the petition involving the adultery of the wife with the defendant. The judge who tried the case held that she was not. This ruling was right. Of course, we realize that should the witness desire to take advantage of the constitutional provision that " no person shall be compelled to give testimony tending in any manner to incriminate himself " (Constitution, art. 1, sec. 1, par. 6; Civil Code of 1910, § 6362), she could not in any event be compelled to testify in this case. Prior to what is known as the enabling act of 1866 (Ga. L. 1866, p. 138; Civil Code of 1910, § 5861) " the wife of the plaintiff could not be heard to testify at all in favor of the husband. The same statute which rendered her competent to testify for him rendered him competent to testify for himself." *Atlanta Street Railroad Co.* v. *Walker,* 93 *Ga.* 462 (21 S. E. 48). Except in certain specified instances, the act of 1866, supra, makes every person offered as a witness competent to testify, the act, however, providing that " nothing herein contained shall apply to any action, suit or proceeding, or bill in any court of law or equity instituted in con-

sequence of adultery, or to any action for breach of promise of marriage." In *Graves* v. *Harris,* 117 *Ga.* 817 (45 S.'E. 239), it was held: "The plaintiff in an action for alienating the affections of his wife and inducing her to commit adultery is incompetent at the trial to testify as a witness to any fact." In the opinion in that case Mr. Justice Candler said: "Up to the passage of the evidence act of 1866 (Acts 1866, p. 138), no party to a suit was competent to testify in his own behalf. This act changed the common law, and made parties competent to testify except in certain specified cases. One of these exceptions was to the effect that no party to any action, suit, or proceeding in any court in this State, instituted in consequence of adultery, should be permitted to testify. As has been seen, the present case comes clearly within that exception, and for that reason the plaintiff was not competent to testify to any fact whatever. His mouth was absolutely closed."

In *Sloan* v. *Briant,* 56 *Ga.* 59, after quoting the exception stated above, Judge Jackson said: "Is this an action, suit, or proceeding instituted *in consequence of adultery?* The exception is as broad as language can make it. *Any* action, or suit, or proceeding, or bill, in *any* court, are the terms. *Any,* as if to embrace every possible case; *any,* to apply to every court. Well, if it had not been for adultery, this child had not been born; had not this child been born, this promise would not have been made after its birth, nor, if made before, would have been operative. Adultery is the cause, this contract its sequence. Whether it be the immediate or the remote cause is immaterial, if the suit be the consequence of adultery as the cause. The words 'in consequence' apply as well to the initiatory as to the proximate cause of this suit. In *Cook* v. *Cook,* 46 *Georgia Reports,* 308, it was held that the husband was incompetent to prove the adultery of the wife in a divorce case, under this clause or section of the code. The action of divorce was no more brought or instituted in consequence of adultery than the case at bar was instituted for the same cause. Adultery was the cause, the suit the consequence, in each case. Nor will it do to say that, though she might be incompetent to prove the cohabitation, the adultery, she is competent to prove the contract. She was excluded altogether before the act of 1866; that act lets in certain parties to suits to testify, but still applies the old law of exclusion on account of being a party to her. '*Nothing* contained

in the preceding section' shall apply to any action instituted in consequence of adultery, is the emphatic language of the Code, § 3855. Nothing in the act of 1866, therefore, shall apply to give competency to this party to swear. Well, she had no competency to testify at all in this case before the act of 1866; *nothing* in that act gave her the competency to swear in this case at all; if she did not have it before, and did not get it then by the act of 1866, it must follow that she cannot testify in this case as a witness at all. She was incompetent to swear to any single fact in the case before the act of 1866; the exception makes that act inapplicable to her, therefore she is still incompetent to swear to any fact in the cause." Of course, we realize that in that case the wife was a party to the cause. However, as said above, prior to the act of 1866 " the wife could not be heard to testify at all in favor of the husband," and under the exception in that act the wife cannot testify either for or against her husband in any case " instituted in consequence of adultery." Moreover, Mr. Justice Lumpkin, in the case of *Bishop* v. *Bishop,* 124 *Ga.* 293 (2) (52 S. E. 743), said: " At common law a party to a cause was excluded from testifying. . By the enabling act of 1866 this disability was, as a general rule, removed, but with certain exceptions. One of these is stated in the Civil Code, § 5272 [Civil Code of 1910, § 5861], where it is declared that nothing contained in the act referred to ' shall apply to any action, suit, or proceeding in any court, instituted in consequence of adultery.' This exception was based not merely on the rights of individual parties or made solely for their benefit, but rested on a sound · public policy which prevented husband and wife from mutually destroying the character of each other because of quarrels or disagreements between themselves. At common law the legal civil existence of the wife was merged into that of the husband. The code of this State still declares that ' her legal civil existence is merged in the husband, except so far as the law recognizes her separately, either for her own protection, or for her benefit, or for the preservation of public order.' Civil Code, § 2473 [Civil Code of 1910, § 2992]." See *Woolfolk* v. *Woolfolk,* 53 *Ga.* 661; *Howard* v. *State,* 94 *Ga.* 587 (20 S. E. 426) ; *Thomas* v. *State,* 115 *Ga.* 235 (41 S. E. 578) ; *Anderson* v. *Anderson,* 140 *Ga.* 802 (79 S. E. 1124) ; *Arnold* v. *Arnold,* 141 *Ga.* 158 (3), 160 (80 S. E. 652).

Under the principle announced in the foregoing rulings, the court properly held that in this case the wife was not a competent witness, and did not err in granting a nonsuit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*