HART *v.* THE STATE.

No. 17358. FEBRUARY 12, 1951.

*T. O. Hathcock* and *J. W. LeCraw,* for plaintiff in error.

*Paul Webb,* Solicitor-General, *William Hall,* and *Ogden Doremus,* contra.

WYATT, Justice. ■ The general grounds of the motion for new trial are not argued in the brief of counsel for the plaintiff in error. In the oral argument, there was some reference made to

the contention that the judgment of conviction should be reversed for the reason that it appeared that the prosecutrix and the defendant were engaged in the operation of a farm on a partnership basis; and that, since the money alleged to have been taken by the defendant was partnership funds, there could be no larceny after trust. Whether or not the prosecutrix and the defendant were engaged in the operation of a farm on a partnership basis, the jury was authorized to find that the defendant had appropriated to his own use $210 collected by him from tenants of the prosecutrix as house rent. This was in no way connected with the farming operation, and, of course, was sufficient to authorize the verdict of guilty.

■ The only special ground of the motion for new trial complains of the refusal to grant a new trial because of newly discovered evidence.

During the trial, the defendant put his character in evidence. There was testimony to the effect that his character was good, and testimony to the effect that his character was bad. A detective from the Fulton County Police Department then testified: "I am a detective, Fulton County Police Department. I have seen the defendant in this case today for the first time. I had three men to come in here and identify him in the courtroom as being the man that gave them a forged check. . . The men that identified him were Mr. Bill Murden, of King Hardware Company, and Mr. T. C. Pinion. There were three of them, but I can't recall the other man's name. Two of them were from King Hardware Company and one from Buckhead Hardware Company. They came to the courtroom. I called them to come and see if they could identify Mr. Hart."

No objection was offered to this evidence, and, so far as the record discloses, no effort was made to contact the men whose names and places of business were given by the witness. No request to the court was made to send for these witnesses, if they were not already in the courtroom, and nothing was done to try to get their testimony. The newly discovered evidence, the basis of the amended motion, was an affidavit from the detective to the effect that since the trial he had discovered that the three men who had identified the defendant as the man who had given them forged checks were mistaken, and that the defendant was not that man.

W. H. Murden made an affidavit to the effect that he did go into the courtroom and look at the defendant, Emil J. Hart; and "He looked somewhat like the man who passed the check on us, but I could not be certain. I now state that I am not certain that he is the man who passed this check on us. My investigation of the matter has led me to believe that he is not the man who passed the check on us."

F. C. Pinion made an affidavit, in which he said: "I went into the courtroom and looked at the defendant, Emil J. Hart, on trial. He looked somewhat like the man who passed a check on us, but I could not be certain, and I told the officer that I wasn't positive, but that I saw a resemblance. I also told the officer that the man who passed the check at our store was heavier than the defendant being tried."

In a counter-showing as to the newly discovered evidence, the detective made an affidavit to the effect that at the time he was on the witness stand, he had in his pocket the telephone numbers of the three men who he had testified had identified the defendant as the check forger; and that, if he had been asked to do so, he could have given their telephone numbers.

Hearsay evidence is not admissible. Code, § 38-301. Newly discovered evidence will not authorize the grant of a new trial if merely cumulative or impeaching in its character. § 70-204. This court as early as 10 Ga. 511, in *Berry* v. *State*, announced the rules, that motions for new trials based upon newly discovered evidence are not favored; that the newly discovered evidence must not be cumulative or impeaching in nature; and that it was not owing to the want of diligence that the evidence was not discovered sooner. The rules there announced have been reiterated and applied by this court in many cases since that time. The sound reasons for all these rules are well stated in *Brown* v. *State*, 141 *Ga.* 783 (82 S. E. 238).

It would be hard to conceive of a state of facts more violently in conflict with all the above-enumerated rules regarding newly discovered evidence than the facts here appearing. In the first place, the plaintiff in error sat by and allowed hearsay evidence, which he now contends to be of a very damaging nature, to be introduced without interposing any objection. He says that, when the jury was permitted to hear the evidence, the damage

was done.  That might be a good argument on a motion for mistrial, but has no place here.  In the next place, with knowledge of the names of the men whom the detective testified about, and even the very places where they worked, the plaintiff in error made absolutely no effort to contact them; and this was so when even their telephones were within his easy reach, and when they might have been in the courtroom itself.  If diligence means anything, there was a complete absence of diligence here.

The affidavits, the basis of the newly discovered evidence, show on their face that they are impeaching and cumulative in their nature.  We are called upon to say that the trial judge abused his discretion in denying the motion for new trial under this state of facts.  This we can not do.  The plaintiff in error cites cases where evidence admissible in its nature later proved to be a mistake, and where there was due diligence exercised by the plaintiff in error, which was held to be sufficient as the basis for a new trial on the ground of newly discovered evidence.  These cases, of course, have no application here.

From what has been said above, it appears there was no error in denying the motion for new trial.

*Judgment affirmed.  All the Justices concur.*