PATTERSON *v.* THE STATE.

HAWKINS, Justice. 1. Extraordinary motions for new trial based on newly discovered evidence are not favored by the law. Where, as in this case, the accused has been convicted, a new trial denied him, and that judgment has been affirmed (*Patterson* v. *State*, 206 *Ga.* 260, 56 S. E. 2d, 501, 339 U. S. 916, 70 Sup. Ct. 563, 94 L. ed. 1341), an extraordinary motion for new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless his discretion is abused. If it is not reasonably apparent to the judicial mind that the new facts would probably produce a different verdict, a new trial should not be ordered. *Parks* v. *State*, 204 *Ga.* 41 (48 S. E. 2d, 837); *Pulliam* v. *State*, 199 *Ga.* 709 (35 S. E. 2d, 250).

2. The only statements contained in the affidavit of the witness Ison MacDonald, setting out the alleged newly discovered evidence, which are not merely cumulative of other testimony appearing in the record and introduced on the former trial, and which would be admissible in evidence on another trial, are: "Oscar [the defendant] was standing on the bank with the gun pointed into the front of the car; he was holding the gun in his left hand and was pointing at L. Z. with his right hand; Pauline [the deceased] said she wanted to get out of the car and talk to him; she started to get out and in moving his right hand, Oscar in some manner discharged the gun, the shot hitting Pauline in the heart. · Immediately after the shooting Oscar asked ´if she were dead and then pointed the gun at affiant and L. Z., and told us to take her to a doctor." The record.discloses that this witness was present in court under subpoena by the State at the time of the former trial. Since the record shows that the deceased was sitting in the lap of this witness immediately before she was shot by the defendant, and that this witness was present and an eyewitness to the shooting, the

defendant was bound to know that he had knowledge of what transpired at the time. The motion fails to allege that either the defendant or his counsel ever questioned or conferred with this witness before or during the trial. By the slightest diligence on their part they could have produced this evidence at the trial. *Edge* v. *State*, 200 *Ga.* 257 (36 S. E. 2d, 673); *Williams* v. *State*, 186 *Ga.* 251, 261 (6) (197 S. E. 838); *Park* v. *State*, 126 *Ga.* 575 (7) (55 S. E. 489); *Dill* v. *State*, 106 *Ga.* 683, 690 (32 S. E. 660); *Doyal* v. *State*, 70 *Ga.* 134 (10).

(a) Even if a new trial should be granted, the testimony of this witness as stated in his affidavit, that "In my opinion the shot was entirely unpremeditated," that "the homicide . . was an accident," and that there was no animosity on the part of the defendant towards the deceased, would not be admissible, since this would be merely the expression of an opinion or a conclusion by the witness upon the main question to be determined by the jury as to the intention of the defendant at the time of the shooting. *Pierce* v. *Dennett*, 163 *Ga.* 471 (136 S. E. 440); *Keener* v. *State*, 18 *Ga.* 194 (3) (63 Am. D. 269); *Hudgins* v. *State*, 2 *Ga.* 173 (3); *Hawkins* v. *State*, 25 *Ga.* 207 (1) (71 Am. D. 166); *Harris* v. *State*, 188 *Ga.* 745 (4 S. E. 2d, 651). Nor would his testimony as to the conversation which took place between him and the solicitor-general in the office of the latter during the progress of the trial be admissible, since this would be purely hearsay, and in no way illustrative of the guilt or innocence of the defendant. *Hart* v. *State*, 207 *Ga.* 599 (63 S. E. 2d, 390).

3. The court did not err in overruling the extraordinary motion for a new trial on the ground of alleged newly discovered evidence.

*Judgment affirmed. All the Justices concur.*

No. 17698. ARGUED JANUARY 14, 1952—DECIDED JANUARY 29, 1952— REHEARING DENIED FEBRUARY 14, 1952.

*A. C. Felton III,* for plaintiff in error.

*Eugene Cook, Attorney-General, Wingate Dykes, Solicitor-General,* and *R. L. Addleton, Assistant Attorney-General,* contra.