### 19428. FIELDS *v.* THE STATE.

WYATT, Presiding Justice. 1. "Extraordinary motions for new trial based on newly discovered evidence are not favored by the law. Where, as in this case, the accused has been convicted, a new trial denied him, and that judgment has been affirmed (*Patterson* v. *State,* 206 *Ga.* 260, 56 S. E. 2d 501, 339 U. S. 916, 70 Sup. Ct. 563, 94 L. ed. 1341), an extraordinary motion for new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless his discretion is abused. If it is not reasonably apparent to the judicial mind that the new facts would probably produce a different verdict, a new trial should not be ordered. *Parks* v. *State,* 204 *Ga.* 41 (48 S. E. 2d 837); *Pulliam* v. *State,*

199 *Ga.* 709 (35 S. E. 2d 250)." *Patterson* v. *State,* 208 *Ga.* 689 (1) (69 S. E. 2d 84).

2. "Newly discovered evidence will not authorize the grant of a new trial when it is merely cumulative or impeaching in character. Code § 70-204; *Hart* v. *State,* 207 *Ga.* 599 (63 S. E. 2d 390), and citations. This court, in *Berry* v. *State,* 10 *Ga.* 511, held that motions for new trial on newly discovered evidence are not favored; that the newly discovered evidence must not be merely cumulative or impeaching in nature, and that it was not for want of due diligence that the new evidence was not discovered sooner. The rules there announced have been reiterated and applied by this court in many cases since that time. The sound reasons for all of these rules are well stated in *Brown* v. *State,* 141 *Ga.* 783 (82 S. E. 238). 'Evidence is cumulative when it goes to the fact principally controverted upon the trial, and respecting which the party asking for a new trial produced testimony.' *Malone* v. *Hopkins,* 49 *Ga.* 211 (15). In this case, the parties agreed that there was only one question to be determined by the jury, and the plaintiff introduced several witnesses who testified in support of his contention respecting it. The newly discovered evidence upon which he relies for a new trial is merely cumulative of that given on the trial by his witnesses or it tends to impeach the evidence offered by the defendants on that point. Hence, the trial judge did not err in refusing to grant a new trial on this ground of the motion." *Greenway* v. *Sloan,* 211 *Ga.* 775 (3) (88 S. E. 2d 366).

3. Where, as in the instant case the accused has been convicted, a new trial denied him, and that judgment affirmed, in order for an extraordinary motion for new trial on the ground of newly discovered evidence to be a valid motion, it must appear that the newly discovered evidence is not merely cumulative or impeaching, and that the newly discovered evidence would likely produce a different result. None of these requirements can be determined without an examination of the evidence adduced upon the original trial of the case. It follows that an extraordinary motion for new trial that does not contain a certified copy of the evidence adduced upon the original trial is not a good motion and can be denied upon this ground alone. See *Powell* v. *Weeks,* 54 *Ga. App.* 468 (188 S. E. 263); *Spell* v. *State,* 60 *Ga. App.* 625 (4 S. E. 2d 680); and *McCoy* v. *State,* 193 *Ga.* 413 (18 S. E. 2d 684). It follows that the judgment denying the extraordinary motion for new trial in this case was not error.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 9, 1956—DECIDED SEPTEMBER 7, 1956—REHEARING DENIED OCTOBER 11, 1956.

*J. E. B. Stewart,* for plaintiff in error.

*Roy Leathers, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.