## 44641. DYAL v. THE STATE.

WHITMAN, Judge. In May of 1966 the appellant, James Dyal, was convicted of abandonment of an illegitimate minor child and was sentenced to twelve months confinement with such confinement suspended upon condition that he make periodic payments of a certain sum for the support of the child until it reached the age of eighteen years. No motion for new trial was made. There was no appeal from the judgment of conviction and sentence.

In March of 1969, Dyal filed an extraordinary motion for new trial which was denied. Dyal appealed from the order denying his extraordinary motion and enumerates the same as error. *Held:*

1. "A new trial may be granted in all cases when any material evidence, not merely cumulative or impeaching in its character, but relating to new and material facts, shall be discovered by the applicant after the rendition of a verdict against him." *Code* § 70-204. When a motion for new trial is made after the time allowed (i.e., 30 days after entry of judgment, *Code Ann.* § 70-301; Ga. L. 1965, pp. 18, 30), such motion is an "extraordinary" motion for new trial. *Code* § 70-303. However, if the evidence subsequently relied upon is such that it could have been discovered with ordinary diligence and presented at the trial, the motion should be denied. *Malone v. Hopkins,* 49 Ga. 221; *Wilkinson v. Smith,* 57 Ga. 609; *Pulliam v. State,* 199 Ga. 709 (35 SE2d 250); *Arnall v. State,* 14 Ga. App. 472 (1) (81 SE 366); *Moss v. State,* 44 Ga. App. 244 (161 SE 293). Extraordinary motions for new trial based on newly discovered evidence are not favored by the law. Such motions are addressed to the sound discretion of the trial judge and a refusal to grant the motion will not be reversed unless his discretion is abused. *Fields v. State,* 212 Ga. 652 (1) (94 SE2d 694); *Fulford v. State,* 222 Ga. 846, 847 (152 SE2d 845).

Thus where, as in this case, the extraordinary motion relies upon a letter which, as shown by the evidence adduced on the hearing of the motion, was in the applicant's possession prior to and at the time of the trial and there is no contention in the motion that it was lost or misplaced, instead it was apparent that it could have been discovered with ordinary diligence (the applicant's mother testified that she

found the letter among the applicant's belongings in his bedroom the next day after the verdict was rendered), we cannot say that the trial court abused its discretion in denying the motion. Cf. *Wight v. Hester*, 24 Ga. 485.

2. The motion was properly denied for an additional reason. "[I]n order for an extraordinary motion for new trial on the ground of newly discovered evidence to be a valid motion, it must appear that the newly discovered evidence is not merely cumulative or impeaching, and that the newly discovered evidence would likely produce a different result. None of these requirements can be determined without an examination of the evidence adduced upon the original trial of the case." *Fields v. State*, 212 Ga. 652 (3), supra. In this case there was neither a transcript nor a brief of the evidence adduced at the original trial. Three letters and two photographs which had been offered by the State and admitted into evidence in the original trial were made available by the applicant to the court on the hearing of his extraordinary motion. The court cannot make the determination it is required to make by referring to only a part of the evidence.

3. Another ground of the applicant's extraordinary motion which is argued in his brief before this court is that his lawyer at the original trial failed to file a motion for a new trial, although he was requested to do so. There is an affidavit in the record by the attorney who represented Dyal at the original trial wherein he states: "[I] was employed as an attorney to represent the above named defendant in the trial of the above said misdemeanor case and the case did proceed to trial . . . and a jury returned a verdict of guilty and against the above named defendant. After the verdict in said case, the defendant did ask me what I thought about his obtaining a new trial and I did explain to him that based on the evidence that was heard in said case that in my opinion there was no grounds for a new trial as of that time. The defendant was sentenced several days after the return of the verdict in said case and I was not employed to file a motion for a new trial and I was not employed to seek a new trial and hence there was no motion for new trial filed by me on behalf of this defendant."

The trial judge did not abuse his discretion in denying the

motion on this ground. See *Cobb v. State,* 78 Ga. 801 (3 SE 628); *Fambles v. State,* 97 Ga. 625 (25 SE 365); *Williams v. State,* 192 Ga. 247 (15 SE2d 219); *Gardner v. State,* 117 Ga. App. 262, 264 (160 SE2d 271).

*Judgment affirmed. Jordan, P. J., and Hall, J., concur.*

SUBMITTED SEPTEMBER 8, 1969—DECIDED JANUARY 27, 1970.

*Albert E. Butler,* for appellant.

*Hubert H. Howard, Solicitor,* for appellee.