## 28935. BRADLEY v. BRADLEY.

SUBMITTED JUNE 11, 1974 — DECIDED SEPTEMBER 6, 1974.

*Grubbs & Platt, Adele Platt,* for appellant.
*Robert Whitelaw,* for appellee.

GRICE, Chief Justice.

Hugh C. Bradley appeals from the denial of his extraordinary motion for new trial on the ground of newly discovered evidence in the divorce action in the Superior Court of Cobb County, brought against him by his wife, Jeanette C. Bradley, on the ground of cruel treatment.

The appellant filed no defensive pleadings in the divorce action and offered no evidence at the trial.

In his extraordinary motion for new trial he relied on the affidavit of a person who deposed that: he resided "within sight" of the former home of the parties; for several months prior to their divorce he saw the van of a named man parked outside the Bradley home; this was at various different times of day and on different days of the week for extended periods of time; these periods of time always corresponded to the times that the affiant knew the appellant was not at home; the affiant did not communicate these facts to the appellant or his counsel prior to the divorce and he was not a witness at the trial; he told the appellant of the facts at the time of the sale of the appellant's home, for which the affiant was the real

estate agent, "upon being questioned by him in regard to it."

An extraordinary motion for new trial upon the ground of newly discovered evidence is addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless his discretion is abused. *Pulliam v. State,* 199 Ga. 709 (1) (35 SE2d 250) (one Justice disqualified); *Kitchens v. State,* 228 Ga. 624 (4) (187 SE2d 268). Such motions are not favored by the law. *Jackson v. Williams,* 149 Ga. 505 (2) (101 SE 116); *Patterson v. State,* 208 Ga. 689 (1) (69 SE2d 84).

The trial judge, in passing on the motion, must determine whether the evidence would likely produce a different result upon another trial. *West v. West,* 200 Ga. 115 (1) (35 SE2d 914). He must also determine whether the facts could have been obtained before verdict by the exercise of ordinary diligence. *Lakes v. Lakes,* 171 Ga. 692 (156 SE 620).

The appellant argues that the affidavit attached to his motion is evidence of adultery and cruel treatment, of which he was not aware at the time of the trial, and that the evidence would cause a different verdict and judgment as to divorce, child custody, and alimony, if a new trial should be granted.

The affidavit does not set forth facts which would prove adultery. Compare *Weaver v. State,* 74 Ga. 376. The facts could not prove cruel treatment as a ground of divorce since the appellant avers that he did not know of the facts until after the divorce.

The trial judge was authorized to find that the evidence, if offered at a new trial, would not produce a different result.

The affidavit states that the affiant gave the information contained therein "upon being questioned" by the appellant. There does not appear to be any reason why the appellant could not have questioned this affiant prior to the trial.

The case of *Woolfolk v. Woolfolk,* 53 Ga. 661, relied on by the appellant, is distinguishable on its facts from the present case. The newly discovered evidence in the *Woolfolk* case, that the husband had been seen at the home of a certain woman since his marriage, was

material to the issue of adultery raised by the wife in the divorce proceeding, since the evidence at the trial had shown that this woman had been the husband's mistress prior to his marriage. The trial judge in the *Woolfolk* case exercised his discretion by granting a new trial, and this court held that there was no abuse of discretion.

The record in the present case does not show an abuse of discretion by the trial judge in denying the extraordinary motion for new trial.

*Judgment affirmed. All the Justices concur.*