ELIZABETH M. SLOAN, plaintiff in error, *vs.* GEORGE J. BRIANT, defendant in error.

| 56 | 59 |
| 115 | 237 |

| 56 | 59 |
| 117 | 818 |

| 56 | 59 |
| e124 | 296 |

An action brought by a woman against a married man to recover money under a contract made before cohabitation to pay her $1,000 00, and give her a house and lot in case of the birth of a child, though repeated and ratified often after the birth of the child, is a suit instituted in consequence of adultery, and in such a suit the woman is incompetent to testify: Code, section 3855.

Witness. Contracts. Before Judge McCUTCHEN. Bartow Superior Court. July Term, 1875.

Reported in the opinion.

M. R. STANSELL, for plaintiff in error.

WOFFORD & MILNER; D. A. WALKER; A. JOHNSON, for defendant.

JACKSON, Judge.

Mrs. Sloan, a widow, sued Mr. Briant, a married man, for the breach of a contract to pay her $1,000 00 and give her a house and lot. The contract, she alleges in her original declaration, was made before she yielded to his importunities and became the victim of his arts and allowed him to prostitute her person. He promised, in the event she would yield and a child should be born, to care for her and the child, and contracted to pay the money and to make over the property. Afterwards she amended this declaration, and set out the promise more clearly and specifically, and alleged that it was repeatedly made and ratified after the birth of the child. These allegations she proposed to prove by her own testimony. It was objected that she was an incompetent witness, the court sustained the objection, and counsel announcing that he had no further testimony to offer, the court non-suited her and dismissed the action, so that the single question is, was this woman a competent witness to prove her case? Before the act of 1866, (Code, section 3854,) there can be no doubt

that she would not have been a competent witness. She is a party, and that would have excluded her evidence. The question is, then, does the act of 1866 render her competent in this case? The answer to this question turns on the construction of one of the exceptions: Code, section 3855. That section enacts as follows: "Nothing contained in the preceding section shall apply to any action, suit or proceeding, or bill, in any court of law or equity, instituted in consequence of adultery, or to any action for breach of promise of marriage." Is this an action, suit, or proceeding instituted *in consequence of adultery?* The exception is as broad as language can make it. *Any* action, or suit, or proceeding, or bill, in *any* court, are the terms. *Any*, as if to embrace every posible case; *any*, to apply to every court. Well, if it had not been for adultery, this child had not been born; had not this child been born, this promise would not have been made after its birth, nor, if made before, would have been operative. Adultery is the cause, this contract its sequence. Whether it be the immediate or the remote cause is immaterial, if the suit be the consequence of adultery as the cause. The words, "*in consequence*," apply as well to the initiatory as to the proximate, cause of this suit.

In *Cook vs. Cook,* 46 *Georgia Reports,* 308, it was held that the husband was incompetent to prove the adultery of the wife in a divorce case, under this clause or section of the Code. The action of divorce was no more brought or instituted in consequence of adultery, than the case at bar was instituted for the same cause. Adultery was the cause, the suit the consequence, in each case. Nor will it do to say that, though she might be incompetent to prove the cohabitation, the adultery, she is competent to prove the contract. She was excluded altogether before the act of 1866; that act lets in certain parties to suits to testify, but still applies the old law of exclusion on account of being a party to her. "*Nothing* contained in the preceding section" shall apply to any action instituted in consequence of adultery, is the emphatic language of the Code, section 3855. Nothing in the act of 1866,

therefore, shall apply to give competency to this party to swear. Well, she had no competency to testify at all in this case before the act of 1866; *nothing* in that act gave her the competency to swear in this case at all; if she did not have it before, and did not get it then by the act of 1866, it must follow that she cannot testify in this case as a witness at all. She was incompetent to swear to any single fact in the case before the act of 1866; the exception makes that act inapplicable to her, therefore she is still incompetent to swear to any fact in the cause.

Judgment affirmed.