## SIKES *v.* TIPPINS.

1. The husband's living with the wife after knowledge of her criminal conversation, does not bar his right to recover damages from her seducer for such criminal conversation. A ruling that this is matter to be considered by the jury in mitigation of damages, is as favorable to the defendant as he can expect.
2. The verdict for $1,400 is amply sustained by the evidence, and is not excessive.

April 21, 1890.

Crim. con. Charge of court. Verdict. Damages. Before Judge HINES. Tattnall superior court. October term, 1889.

Tippins sued Sikes for criminal conversation with his wife, and obtained a verdict for $1,400. Sikes moved for a new trial, which was denied, and he excepted. The first three grounds of the motion are that the verdict is contrary to law and evidence, and the fourth complains that the verdict is excessive. The evidence showed the following: Tippins and his wife had been married sixteen years, and had six female children living. Sikes made to him a free confession that he had had intercourse with his wife in December, 1887, and January and February, 1888, and said it was his fault and not Mrs. Tippins'. Tippins did not quit her entirely at first, but carried her to another county to keep her away from the approaching term of court, thence to Savannah, and thence brought her home and sent her to one Rogers'. She staid there some and at Tippins' house some; and when at home he and she slept together as man and wife. In February, 1889, they separated for good. He is and has been all the time paying her board. He has never forgiven her. Sikes carried her home from

camp-meeting in 1887, but Tippins did not know it till they were gone. One day he went home to dinner with Tippins, and after dinner said he was tired, and Tippins went back to the store, leaving him to lie down on the bed and rest. They were near neighbors and friends, and Tippins thought nothing of his being with his wife; had no idea he would take advantage of her. Had stated that if Sikes would plead guilty to adultery, and the whole thing could be got out of court, he (Tippins) would not sue for damages. In 1887, Sikes and Tippins and their wives went to Savannah, and while returning, Tippins was told by Sikes' wife that Sikes and Tippins' wife went off by themselves to hunt some wine. Sikes and his own wife were quarrelling, and Tippins thought she was jealous without cause, and paid no attention to it. Was busy while in Savannah and had not time to look after his wife; left her with Sikes and his wife to do her shopping, etc. She never complained to him about Sikes' bothering her, but denied to the bitter end that she was guilty of the charges; never did confess it as long as there was possible hope of Tippins believing her; her confession was before her trial in January last. Sikes told Tippins that he (Sikes) was the father of a child she was to have. The child has died. Tippins kept it, having six to care for, being torn up in mind and not knowing what to do. Finally became convinced, and then sent her off. Lived happily with his wife until this trouble came up. Never before knew or saw anything to cause him to doubt her virtue. Sikes told others than Tippins of his intercourse with Mrs. Tippins. One witness had carried a note from him to her. He said to this witness that he had been working after her about five years before he had intercourse with her. Up to that event she had borne a good character. Sikes returns $2,224 for taxation; Tippins $2,600. His wife helped him to make

that. He had nothing but a cheap horse when he married. No evidence was introduced for the defendant.

The fifth ground of the motion is, that the court erred in refusing to charge: "If you believe that plaintiff, after it had come to his knowledge that his wife had committed adultery with defendant, condoned the offence, then such condonation is a bar to the recovery of damages."

The sixth ground is, that the court erred in the following charge. "If you find that the defendant, John Sikes, had sexual intercourse with the plaintiff's wife, then the plaintiff would have a cause of action against the defendant, and plaintiff would be entitled to recover." The error is, that this instruction was without qualification as to condonation or other circumstances which might bar recovery.

The seventh ground is, that the court erred in charging: "If the plaintiff condoned his wife's adultery with the defendant, if you find there was such adultery, such condonation will not defeat the plaintiff's recovery; condonation mitigates and lessens damages."

The eighth ground is, that the court erred in charging thus, it not being the law of the case and being unwarranted by the evidence: "If the circumstances and situations in life of the plaintiff were good, if the husband fulfilled his marital duties, if the husband and wife were living happily together, if there were young children dependent on the mother's care, if the wife was a woman of good character and chaste before seduced by the defendant, if the defendant is a man of means, if the defendant acted in bad faith in the means he resorted to in obtaining intimacy with and corrupting the mind of the wife,—these and like circumstances aggravate damages."

H. J. McGee and Rogers & Potter, for plaintiff in error.

No appearance *contra*.

BLANDFORD, Justice.

This was an action brought by Tippins against Sikes for criminal conversation with his wife. Under the charge of the court, the jury found a verdict for the plaintiff. The defendant moved for a new trial, which was refused, and this he alleges as error.

1. The defendant contended that Tippins condoned the adultery of his wife by living with her after he had found out the same. The court below held that such condonation did not bar the plaintiff of his right to recover; and in this we think the court was right. The court further held that it was a matter to be taken into consideration by the jury in mitigation of damages; and we think this holding was fully as favorable to the defendant as he had any right to expect.

In the case of Verholf *v.* Van Houwenlengen, 21 Iowa, 431, the Supreme Court of Iowa held that condonation of the wife's offence of adultery, or forgiveness by the husband of the wife, did not bar the plaintiff's right to recover as against the adulterer. The husband may forgive the wife, and yet he may not forgive the author of her defilement and of his loss, wrong and injury. The defendant can no more defeat the action upon the ground of condonation than he could upon a plea of recrimination, or the ground that his accuser had been guilty of the same offence. See Bromley *v.* Wallace, 4 Esp. 287; 2 Greenl. Ev. §56. See also the case of Sandborn *v.* Neilson, 4 N. H. 501, in which case it was said: "As to the circumstance that the plaintiff lived with his wife after his knowledge of her want of fidelity to his bed, this may be evidence that he had forgiven *her* offence, but it is no evidence that he had forgiven the offence of the defendant. This circumstance could be no answer to the action." See also 2 Hilliard Torts, 515, and Smith *v.* Milburn, 17 Iowa, 30. While condonation would defeat the plaintiff in an action for di-

vorce against his wife, it is no bar to an action against her seducer. See also the case of Stumm v. Hummel, 39 Iowa, 483. The court in that case said that if the plaintiff, after a full knowledge of his wife's infidelity, continued to live with her upon the same terms as before her crime, this would be no evidence to show that the plaintiff connived at her infidelity; and the plaintiff's forgiveness of his wife and continuance of the marital relation did not necessarily have the effect to establish connivance or assent. "The law will not hold a party remediless for an injury of this kind because, through the exercise of christian virtue, the influence of family interest, or even in the want of what may be regarded as true manly spirit, he forgives an erring wife and trusts in her reformation and promise of future good conduct and virtue." In Michael v. Dunkle, 84 Ind. 544, it was held that a husband may maintain an action of criminal conversation, although the intercourse took place after his final separation from his wife, and although a divorce had been granted to the wife for the cruelty of the husband. We think these cases fully establish the proposition that the husband's living with the wife after knowledge of her criminal conversation, does not bar the husband's right to recover against her seducer; and therefore there was no error in the charge of the court below on this subject.

2. We think the verdict of the jury is amply sustained by the evidence, and that the amount thereof ($1,400) was not excessive.        *Judgment affirmed.*