## GRAVES *v.* HARRIS.

The plaintiff in an action for alienating the affections of his wife and inducing her to commit adultery is incompetent at the trial to testify as a witness to any fact.

Argued June 4, — Decided June 27, 1903.

Action for damages. Before Judge Reagan. Fayette superior court. January 9, 1903.

*J. W. Wise* and *A. O. Blalock*, for plaintiff in error.

*E. E. Spurlin* and *J. F. Golightly*, contra.

CANDLER, J. This was an action for damages on account of the alienation of the affections of the wife of the plaintiff. The peti-

tion alleged various acts of illicit intercourse between the defend-
ant and the plaintiff's wife; and taken as a whole, it is clearly a
suit growing out of the alleged continued adultery of the two.   The
jury returned a verdict for the plaintiff for $500.   The defend-
ant made a motion for a new trial, which was overruled, and he ex-
cepted.   During the progress of the trial the plaintiff was put on
the stand as a witness in his own behalf, not to prove any act of
adultery on the part of his wife, but to disprove the contention of
the defendant that he had consented to and connived at the adul-
tery of his wife with the defendant and other parties.   His testi-
mony was objected to on the ground that a husband is not a com-
petent witness to prove or disprove the adultery of his wife.   The
objection was overruled and the testimony admitted.    In this we
are satisfied that the court erred.  ˙  Up to the passage of the evi-
dence act of 1866 (Acts 1866, p. 138), no party to a suit was com-
petent to testify in his own behalf.   That act changed the common
law, and made parties competent to testify except in certain speci-
fied cases.   One of these exceptions was to the effect that no party
to any action, suit, or proceeding in any court in this State, insti-
tuted in consequence of adultery, should be permitted to testify.
As has been seen, the present case comes clearly within that ex-
ception, and for that reason the plaintiff was not competent to tes-
tify to any fact whatever.   His mouth was absolutely closed.   In
the case of *Sloan* v. *Briant*, 56 *Ga.* 59, it was held : " An action
brought by a woman against a married man to recover money un-
der a contract, made before cohabitation, to pay her $1,000.00 and
give her a house and lot in case of the birth of a child, though re-
peated and ratified often after the birth of the child, is a suit in-
stituted in consequence of adultery, and in such a suit the woman
is incompetent to testify."   Said Judge Jackson in that case : " Be-
fore the act of 1866, there can be no doubt that she would not have
been a competent witness.    She is a party, and that would have
excluded her evidence."   The act of 1866 expressly provided that
nothing therein contained should apply to any action, suit, or pro-
ceeding or bill in any court of law or equity, instituted in conse-
quence of adultery.   The exception, as was said in the case above
cited, "is as broad as language can make it.   *Any* action, or suit,
or proceeding, or bill, in *any* court, are the terms.   *Any,* as if to
embrace every possible case; *any,* to apply to every court."   In

the present case the adultery of the plaintiff's wife with the defendant was the cause; the alienation of her affections the sequence. "Whether it be the immediate or the remote cause is immaterial, if the suit be the consequence of adultery as the cause. The words, 'in consequence,' apply as well to the initiatory as to the proximate cause of this suit." See also *Thomas* v. *State*, 115 *Ga.* 235.

The motion contains other grounds, but none of them are of sufficient merit to require the grant of a new trial. In the interest of decency we refrain from a discussion of the evidence, as we have no desire to contribute more than is necessary to the unclean literature of this branch of the law. To the everlasting honor of our civilization be it said that litigation of this character has been exceedingly rare in this State, and precedent is consequently not abundant. It is to be hoped that we will not again have need of precedent on this subject.          *Judgment reversed.     All the Justices concur.*