## BISHOP *v.* BISHOP.

1. Where a husband brought a libel for divorce against his wife, and pending the suit temporary alimony was awarded to her, and the suit terminated in a verdict denying the divorce applied for, if the husband subsequently brought a second libel for divorce against his wife, based on another ground, the allowance of alimony pending the first suit was no bar to an application by her for temporary alimony pending the second action.

2. Where a libel for divorce was brought by a husband against his wife on the ground of desertion, and pending the litigation she applied for

temporary alimony, which he resisted on the ground that she had been living an immoral life since their separation, the husband was not a competent witness to testify to the adultery of the wife.

3. Although the attorney for the wife, while cross-examining the husband as a witness, asked him why he had separated from his wife, and the witness replied, because he caught her in bed with another man, there was no error in excluding this evidence on motion of such attorney. The exclusion of the husband as a witness from testifying to such a fact is based on public policy.

4. On the hearing of an application for temporary alimony, evidence merely tending to show that the general reputation of the wife is bad is inadmissible.

5. There was no abuse of discretion in the amount of alimony and counsel fees allowed in this case.

Argued October 5,—Decided November 13, 1905.

Application for alimony. Before Judge Pendleton. Fulton superior court. June 23, 1905.

George W. Bishop filed a libel for divorce against his wife, on the ground of adultery. She denied the plaintiff's charge and filed a cross-libel against him. She applied for temporary alimony pending the action, which was allowed to her, and which the husband contends that he paid. On the trial the jury found that neither the plaintiff nor the defendant should be' granted a divorce. Subsequently the husband filed a second libel for divorce against his wife, alleging desertion of him by her. The defendant denied the plaintiff's allegation, and made application for temporary alimony and an allowance for counsel fees pending this suit. The plaintiff contested her right to alimony, on the ground that she had been living a life of immorality and shame since their separation. He also pleaded that the allowance of temporary alimony during the former litigation, and the verdict of the jury denying a divorce to either party, amounted to an adjudication which barred her claim for temporary alimony during the present suit; and he filed a plea of res adjudicata accordingly. On the hearing of the application for temporary alimony the presiding judge ordered the plaintiff to pay to the defendant $50 as counsel fees, and $10 per month as temporary alimony. To this ruling he excepted.

*T. J. Ripley, T. L. Bishop, and W. H. Withers,* for plaintiff in error. *Lewis W. Thomas,* contra.

LUMPKIN, J. (After stating the facts.)    1. The award of temporary alimony to the wife pending a suit for divorce brought

against her by her husband terminated with the conclusion of that case. If the husband afterward brought a second suit for divorce against her, she could again apply for temporary alimony pending that litigation. The allowance of temporary alimony pending the former suit in which he failed was no bar to a similar allowance pending the second suit. If he could bring a second libel for divorce against his wife, there was nothing to prevent her from applying for alimony and counsel fees in connection therewith. The plea of res adjudicata was without merit. See *Mitchell* v. *Mitchell, 97 Ga. 795.*

2. At common law a party to a cause was excluded from testifying. By the enabling act of 1866 this disability was, as a general rule, removed, but with certain exceptions. One of these is stated in the Civil Code, § 5272, where it is declared that nothing contained in the act referred to "shall apply to any action, suit, or proceeding in any court, instituted in consequence of adultery." This exception was based not merely on the rights of individual parties or made solely for their benefit, but rested on a sound public policy which prevented husband and wife from mutually destroying the character of each other because of quarrels or disagreements between themselves. At common law the legal civil existence of the wife was merged into that of the husband. The code of this State still declares that "her legal civil existence is merged in the husband, except so far as the law recognizes her separately, either for her own protection, or for her benefit, or for the preservation of public order." Civil Code, § 2473. It is also declared: "There are certain admissions and communications excluded from public policy. Among these are— (1) communications between husband and wife." Civil Code, § 5198. Such communications are protected even after the relation has ceased. *Lingo* v. *State, 29 Ga. 470.* So a letter written by a husband to his wife, indicating the state of his feelings toward a third person and toward herself in relation to that person, is not admissible in evidence in behalf of such person on his trial for the homicide of the husband. *Wilkerson* v. *State, 91 Ga. 729.* Except in certain specified instances, neither a husband nor a wife is competent to give evidence in any criminal proceeding for or against the other. Penal Code, § 1011, par. 4. These illustrations will suffice to show the public policy underlying the rule of exclusion of the evidence of the husband and the wife. The expression "any

action, suit, or proceeding in any court, instituted in consequence of adultery" used in the Civil Code, § 5272, is not to be given a narrow or restricted meaning.    In *Sloan* v. *Briant,* 56 *Ga.* 59, it is said: "Whether it be the immediate or the remote cause is immaterial, if the suit be the consequence of adultery as the cause.    The words, 'in consequence,' apply as well to the initiatory as to the proximate cause of this suit."    In *Graves* v. *Harris,* 117 *Ga.* 817, it was held that "the plaintiff in an action for alienating the affections of his wife and inducing her to commit adultery was incompetent at the trial to testify as a witness to any fact."    See also *Thomas* v. *State,* 115 *Ga.* 235; *Cook* v. *Cook,* 46 *Ga.* 308.

3. The evidence was heard orally; and while the husband was being cross-examined counsel for the wife asked him, "Why did you separate from your wife Dollie Bishop?"    To this the witness answered, "Because I caught her in bed with another man."    Counsel for the wife moved to rule out this answer, and the motion was sustained over objection.    It is contended that, as it was made in response to a question of counsel for the adverse side, the court should have refused to rule it out.    Where the question affects only the interest of the parties, "upon an oral examination a party asking a cross-question and eliciting an unfavorable reply, which the other side could not have introduced, can not have the legitimate answer to his own question ruled out."    *Anderson* v. *Brown,* 72 *Ga.* 714.    This was decided in regard to a jury trial.    But where a witness was not competent to testify as to the fact stated in his answer, and it appeared that it was not directly called for, although to some extent responsive, it was held that there was no error in excluding it.    *First National Bank of Gainesville* v. *Cody,* 93 *Ga.* 145.    Where in the progress of a trial the court observes that a rule of public policy has been or is being violated in practice, it may of its own motion call attention to it, and have the proper corrective applied.    *Goodrum* v. *State,* 60 *Ga.* 509.    The question put to the husband was why he had separated from his wife.    In answer to this he sought to testify to his wife's adultery.    The court might have excluded the testimony of its own motion, and there was no error in excluding it upon motion of counsel for the wife.    A husband or wife does not become competent to testify as to the adultery of the other because no objection is made.    In undefended divorce cases the plaintiff would not be allowed to testify

to the adultery of the defendant, although the latter was not represented or objecting. Public policy forbids that a husband should be permitted to thus testify, although there may be no objection, or even if there should be an agreement for him to do so. If adultery was not involved in this issue, the evidence would have been wholly immaterial. But it is evident that it was directly relied on to prevent a judgment for alimony in favor of the wife.

4. Evidence was offered on behalf of the husband to show that the reputation or general character of the wife was bad. This was rejected by the court, and we think correctly so. General reputation may be proved in some cases, as to show that a house is one of ill fame. But it is no defense to an application for alimony by a wife to merely prove that her general character is bad.

5. There was no abuse of discretion in the amount of alimony and counsel fees fixed by the presiding judge.

*Judgment affirmed. All the Justices concur.*