## LOWRY *v.* LOWRY.

No. 7389. APRIL 16, 1930.

*G. H. Aubrey, W. A. Ingram,* and *W. T. Townsend,* for plaintiff in error.

*Whitaker & Whitaker* and *Finley & Henson,* contra.

HINES, J. Dr. Lowry brought suit against his wife for divorce upon the ground of cruel treatment, and for injunction to restrain her from molesting him in the conduct of his hospital. The wife filed her answer and cross-bill, in which she prayed for a total divorce upon the ground of cruel treatment, and for temporary and permanent alimony. On the trial of the case the jury granted the husband a total divorce, removed the disabilities of the wife, and gave to the wife alimony in the sum of $50 per month for twelve months. The wife moved for a new trial upon the general grounds, and by amendment added certain special grounds.

1. The court charged the jury as follows: "By a preponderance of evidence is meant that superior weight of evidence upon the issues involved, which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline your minds to one side of the issue rather than to the other side." In her motion for new trial the wife excepted to this charge, upon the ground that it is an incorrect statement of the law, that the same was prejudicial to her rights, and was calculated to mislead the jurors into believing that whatever they did or thought to be the truth of the transaction was justified by this charge of the court. Movant insists that the use of the words "your minds" makes this an incorrect statement of the law, but that a correct statement of the law is as follows: "By a preponderance of evidence is meant that superior weight of evidence upon the issues involved, which, while not sufficient wholly to free the mind from a reasonable doubt, is yet sufficient to incline the mind of an impartial juror seeking to do right and to render a just verdict to one side of the issue rather than to the other." The true rule is as follows: "By preponderance of evidence is meant that superior weight of evidence

upon the issues involved, which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." Civil Code (1910), § 5731.

(a) The charge given and the charge movant insists should have been given are both variant from the rule laid down in the code. While it would be better for the court, in charging the jury upon the subject of preponderance of evidence, to adhere to the rule as stated in the above section of the code (*Hill* v. *Chattanooga &c. Co.*, 21 *Ga. App.* 104 (7), 93 S. E. 1027), the use of the words "your minds," in the charge given, and the slight departure from the true rule did not require the grant of a new trial. *Shingler* v. *Bailey*, 135 *Ga.* 666 (3) (70 S. E. 563). The other exceptions to this charge are without merit, and do not require the grant of a new trial.

2. The court charged the jury as follows: "I charge you, gentlemen, that cruel treatment, within the meaning of our law, is the infliction of pain, bodily or mental, upon the complaining party, such as to reasonably justify an apprehension of danger to life, limb, or health." Cruel treatment as a ground for divorce is the "wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb, or health. The intention to wound is a necessary element of the cruel treatment for which divorce is allowed." *Ring* v. *Ring*, 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878); *Smith* v. *Smith*, 119 *Ga.* 239 (46 S. E. 106); *Dougherty* v. *Dougherty*, 153 *Ga.* 487 (112 S. E. 454); *Durham* v. *Durham*, 156 *Ga.* 458 (119 S. E. 702). The wilfulness of the cruel treatment is an essential element of the cruel treatment which will authorize the grant of a divorce upon this ground; and the failure of the judge to embrace this element in an instruction upon this subject requires the grant of a new trial, unless, as a matter of law, we could hold that the cruel treatment was wilful, which we can not do in this case.

3. The court charged the jury as follows: "I charge you in all suits for divorce the jury rendering the final verdict in the cause may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband and the source from which the property came into the coverture." To this instruction the movant excepted upon the grounds (a) that

it eliminated from the consideration of the jury the question of the condition, station, and circumstances in life of movant, as a factor in the grant of alimony; and (b) that it confined the jury, in awarding alimony, to the "condition of the husband and the source from which the property came into the coverture." Under the statutes of this State, when a husband obtains a divorce from his wife upon the ground of cruel treatment, it is for the jury to say whether they will allow the divorced wife permanent alimony. *Davis* v. *Davis*, 134 *Ga.* 804 (68 S. E. 594, 30 L. R. A. (N. S.) 73, 20 Ann. Cas. 20) ; *Zachery* v. *Zachery*, 141 *Ga.* 404 (81 S. E. 120) ; *Brown* v. *Brown*, 152 *Ga.* 463 (110 S. E. 234).

(*a*) This instruction is substantially in accordance with the principle laid down in the code. Civil Code (1910), § 2954.

(*b*) If the wife desired further instruction upon this subject, she should have preferred a request therefor; and in the absence of such request, and in view of the correctness of the instruction as given, it is no ground for the grant of a new trial.

4. The court charged the jury as follows : "I charge you that alimony is an allowance out of the husband's estate, made for the support of his wife when living separated from him. It is either temporary or permanent." Movant excepted to this charge, upon the ground that it tended, by the use of the word "temporary," to impress the jury with the idea that they could grant either temporary or permanent alimony; and thus tended to confuse and mislead them. When taken in connection with other portions of the charge which, fairly construed, informed the jury that they were dealing with the grant of permanent alimony only, the objection to this instruction is without merit.

5. The court instructed the jury as follows : "I charge you that permanent alimony is granted in the following cases : In case of voluntary separation or of divorce as considered under the law in the given section, or where the wife, against her will, is either abandoned or driven off by the husband." Movant excepted to this charge, upon the ground that the court failed to define the meaning of the expression, "as considered under the law in the given section." As the exception is not to the correctness of the instruction given, but only to the failure of the court to define an expression therein, this was not erroneous. If movant wanted such expression defined, this was a matter for a special request,

6. The court charged the jury as follows: "I charge you that you will not consider any communications between the husband and wife in this case, whether they be by word or be by letter, as they are privileged by law; and I charge you that I have ruled out of evidence and out of this record any and all such communications between the husband and wife." The wife excepted to this instruction, upon the ground that it tended to impress the jury with the belief that they should exclude all communications between the husband and the wife, and because she was justified in certain conduct towards certain nurses of the husband in a hospital conducted by him upon the ground that the husband had made to her certain statements touching the lewd character of these nurses, which brought about the conduct on her part of which he complains. There were introduced in evidence two classes of communications between the husband and the wife. One included vile epithets applied by the husband to the wife, upon which the wife relied in part to establish the cruel treatment of her husband towards her. The other class consists of statements made by the husband to the wife, touching the lewd character of certain nurses employed by him in his hospital. At the close of the evidence and before argument the court made the following ruling: "I strike from the record all communications between the husband and wife, anything told Mrs. Lowry by Dr. Lowry relative to any of the girls; and I also strike from the record any letters written by Mrs. Lowry to Dr. Lowry." In this ground of the motion for new trial is the recital that "The court interprets this ruling and said quoted portions of the charge to mean that only what Dr. Lowry told Mrs. Lowry about the girls and letters written by Mrs. Lowry to Dr. Lowry were excluded from the evidence, and the brief of evidence has been accordingly prepared."

(a) Neither of the married pair is permitted to testify as a witness against the other concerning communications, or to furnish to another, for the purpose of being introduced in evidence, writings of any kind, made or received under the seal of confidence during coverture, unless waived. Civil Code (1910), § 5785; *Knight* v. *State,* 114 *Ga.* 48 (39 S. E. 928, 88 Am. St. R. 17); *McCord* v. *McCord,* 140 *Ga.* 170 (2) (78 S. E. 833).

(b) Under the above principles, only confidential communications between husband and wife are excluded; and this principle

does not prohibit one of the married pair from testifying to communications which are not privileged.

(c) There being both confidential and non-confidential communications between the husband and wife, upon the latter of which the wife in part relies to establish cruel treatment on the part of the husband, the trial judge erred in instructing the jury, as set out above, that they should disregard all communications between the married pair. Such instruction was calculated to produce in the minds of the jurors the impression that they should exclude both classes of communications, and for this reason was erroneous.

(d) This error was not curred by the above ruling of the court, made at the conclusion of the evidence and before argument to the jury, in striking from the record, as communications between the husband and wife, anything told Mrs. Lowry by Dr. Lowry relative to any of the girls; and any letters written by the wife to the husband. If this ruling was made in the hearing of the jury, the charge of the court went further and instructed the jury that they should not consider any of the communications passing between the married pair, and did not limit such instruction to the above ruling.

(e) There was a conflict between the ruling upon the exclusion of specified communications between the parties, and the charge which instructed the jury that they should disregard all communications between them. This was calculated to mislead the jury, unless the judge had expressly called their attention to the incorrect statement and retracted it. *Brush Electric Co.* v. *Wells,* 130 *Ga.* 512 (30 S. E. 533); *Rowe* v. *Spencer,* 132 *Ga.* 426 (64 S. E. 468); *Sutton* v. *Ford,* 144 *Ga.* 587 (87 S. E. 799, L. R. A. 1918D, 561, Ann. Cas. 1918A, 106).

7. The court instructed the jury as follows: "I charge you, gentlemen, that if you grant one of the parties a divorce, you should not grant the other party a divorce, but you might remove the disabilities of the other party, if you see fit to do so. . . If you find for a divorce for Dr. Lowry, you will so announce it, and then you may go further and say whether or not you will relieve the disabilities of the defendant in this case, Mrs. Lowry. . . If you refuse to grant Dr. Lowry a divorce, but grant Mrs. Lowry a divorce, you may go further, under the facts and circumstances of the case, and say whether or not you will, at the same time, relieve Dr. Lowry's disabilities." Movant excepted to this instruction, on

the ground, among others, that it is an incorrect statement of the law. The husband's libel for divorce was based upon the ground of cruel treatment. In her answer the wife by way of cross-action sought a divorce from her husband, upon the same ground; and after setting out the facts on which she relied for recovery, she prayed for a total divorce from her husband. When a libel for divorce is instituted, the respondent may, in his or her plea and answer, recriminate, and ask a divorce in his or her favor; and if on the trial the jury believe such party is entitled to a divorce instead of the libelant, they may so find upon legal proof, so as to avoid the necessity of a cross-action. Civil Code (1910), § 2952. This being so, both parties may be entitled to a judgment of divorce; and it follows that the court erred in giving this instruction to the jury, *Owen* v. *Owen*, 54 *Ga.* 526.

8. The court charged the jury as follows: "The condoning party can not forgive the acts and cohabit with the forgiven one, and at the same time reserve the right to assert them as a means of obtaining a divorce; if there has been no further misconduct, such condonation would prevent the obtaining of a divorce on account of those acts." The wife excepted to this charge, upon the ground that it is an incorrect statement of the law, and because it assumes that any future misconduct would be a violation of the terms of the alleged conditional condonation.

(*a*) Condonation is forgiveness, either express or implied, by a husband of his wife, or by a wife of her husband, for a breach of marital duty, with an implied condition that the offense shall not be repeated; and condonation is more readily presumed against the husband than the wife. *Odom* v. *Odom*, 36 *Ga.* 286; *Phinizy* v. *Phinizy*, 154 *Ga.* 199 (114 S. E. 185); Civil Code (1910), § 2948.

(*b*) If there is no breach of the condition after condonation and cohabitation, the forgiveness stands as complete and absolute. Condonation is not revocable at will. *Davis* v. *Davis, Phinizy* v. *Phinizy,* supra. But condonation will not prevent divorce if that condonation was upon a condition which has been broken. *Ozmore* v. *Ozmore,* 41 *Ga.* 46.

(c) Applying the above rulings, the exceptions to the charge complained of are without merit.

9. The court charged the jury as follows: "So, gentlemen, as I stated, the form of your verdict will be as you find the facts:

for a divorce for Dr. Lowry, or for a divorce for Mrs. Lowry, or against a divorce for either one of them, which would leave them where you found them." The wife excepted to this charge, upon the grounds that it did not instruct the jury that they might find a verdict of divorce in favor of both parties; that it did not instruct the jury that they could find a partial divorce in favor of either or both of the parties; and that it did not instruct them relatively to the grant of a partial divorce.

(*a*) Under the ruling made in the 7th division above, the court erred in not instructing the jury that they might find a divorce for both parties, if in their opinion the facts authorized such a finding.

(*b*) The suit for divorce in this case being predicated upon the ground of cruel treatment, the court should, if there was evidence authorizing the submission of the issue on that subject to the jury, even without request, have instructed them as to their discretionary power to grant a total or partial divorce, if from the evidence they should find in favor of the plaintiff. *Anglin* v. *Anglin,* 145 *Ga.* 822 (90 S. E. 73).

10. Movant asserts that the court erred in charging the jury as follows: "If you allow her [Mrs. Lowry] permanent alimony, you may allow her the alimony in a lump sum, one hundred dollars, five hundred dollars, one thousand dollars, or two thousand dollars, or any sum that you see fit; or you could allow it by the month for so many months. That is a matter purely in the discretion of the jury; or you could allow her no alimony." To this instruction the wife excepted upon the grounds that it had a tendency to restrict the jury in the finding of permanent alimony for her, the restriction consisting of the language, "one hundred dollars, five hundred dollars, one thousand dollars, or two thousand dollars, or any sum that you see fit;" that the court failed to instruct the jury that they might find permanent alimony in this case for the life of movant, or during the time she remained single, if a divorce was granted to her or her husband; and that the use of the language, "or you could allow it by the month for so many months," was confusing and misleading, and was calculated to impress upon the minds of the jurors that they were authorized to confine the grant of permanent alimony to a certain number of months, and that they could not allow alimony to the wife for life, or for her widowhood.

(a) Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent. Civil Code (1910), § 2975.

(b) Permanent alimony is an allowance which a court compels the husband to pay to his wife for her support and maintenance where there exists between them a legal separation or divorce; and the jury rendering the final verdict in a divorce case may provide permanent alimony for the wife either from the corpus of the estate or otherwise. Civil Code (1910), § 2954. Grant of permanent alimony is one for the permanent support of the wife; and the court in instructing the jury should give them to understand that this is the purpose for which permanent alimony is granted.

(c) Applying the above principles, the above instruction of the court was calculated to mislead the jury and to impress them with the idea that the grant of permanent alimony consisted of an allowance of a given sum of money for a given number of months.

11. The wife assigned error on the following charge of the court: "I charge you, gentlemen, that the question of facts is always a question for the jury; you look at this case from your own standpoint and the standpoint of your fellow juror and try to arrive at an honest verdict." The grounds of error are (a) that the jurors were judges of the facts in the case and of the weight to be given to the testimony; and (b) that it is not the law that a juror should look at the case from his own standpoint and from that of his fellow jurors, but that he should look at it from the standpoint of the evidence. This instruction did not preclude the jurors from deciding the case according to the evidence, but its effect was to instruct them that in arriving at what the evidence was they should look at the case from their own standpoint and the standpoint of their fellow jurors. This was not an erroneous instruction.

12. The court charged the jury as follows: "As I have charged you, gentlemen, that is a matter for the determination of this jury, as to whether or not you will grant alimony; that is a question for this jury; and if you decide that you will allow alimony; then the amount is also a question for this jury." The wife excepted to this instruction, upon the grounds (a) that it is contradictory to other portions of the charge upon the question of alimony, and (b) that it failed to tell the jury that alimony was to follow as a matter of law if a divorce was granted to movant.

(*a*)  This instruction was a correct statement of the law, and for this reason a new trial should not be granted thereon.

(*b*)  The exception that it contradicts other portions of the charge upon the question of alimony is not well taken, as it is not set out in this ground what portions of the charge were in conflict with this instruction.

(*c*)  A correct statement of law' is not erroneous because the court failed to charge another principle of law applicable to the case.

13.  The wife testified that the husband told her the address of a named female, and told her, if she did not believe that, this person was at the Robert Fulton Hotel, waiting for him to write to her a note.  To understand the materiality of this evidence the following facts are relevant:  The wife as a witness in her own behalf testified to the above facts.  This testimony was given in connection with a letter which the husband claims that the wife had written to the named female at the Robert Fulton Hotel in Atlanta, which letter was produced and introduced in evidence by the husband on the trial of this case, and in which letter the wife advised the addressee thereof not to come back to the hospital of her husband.  The wife admitted writing the letter, but gave as her reason for doing so that her husband had told her that the addressee of the letter was at said hotel, waiting for him to come to her, and that she could write her at that place and find out whether or not she was there.  On motion of counsel for the husband the court ruled out the above evidence.  It seems that this ruling was based upon the ground that this communication between the husband and wife was a confidential one, and upon the further ground that this evidence of the wife tended to establish adultery on the part of the husband.

(*a*)  This was in no sense a confidential communication between the husband and the wife.

(*b*)  A party to any action, suit, or proceeding in any court, instituted in consequence of adultery, or to any action for breach of promise of marriage, is generally incompetent ' to testify.  Civil Code (1910), § 5861.  Whether adultery be the immediate or the remote cause of the suit is immaterial, if the suit be the consequence of adultery as the cause.  The words "in consequence," in the above section of the code, apply as well as to the initiatory as to the proximate cause of the suit.  *Sloan* v. *Briant, 56 Ga.* 59; *Graves* v.

*Harris,* 117 *Ga.* 817 (45 S. E. 239) ; *Bishop* v. *Bishop,* 124 *Ga.* 293 (2) (52 S. E. 743). Where a husband sues his wife for divorce upon the ground of cruel treatment, and the latter by cross-action seeks a divorce from him upon the same ground, the wife is generally competent to testify to the facts constituting the cruel treatment. Even in a case where the wife files suit for divorce upon the ground of cruel treatment and the husband files a cross-libel on the ground of adultery, the wife is competent to testify concerning the grounds of her libel, but is incompetent to testify to any fact pertaining to the charge of adultery made in the cross-libel. *Anderson* v. *Anderson,* 140 *Ga.* 802 (79 S. E. 1124). In a suit for divorce, based upon grounds of adultery and cruel treatment, either party may testify with respect to the alleged cruel treatment, but not with respect to adultery. *Arnold* v. *Arnold,* 141 *Ga.* 158 (80 S. E. 652) ; *Whitehead* v. *Whitehead,* 143 *Ga.* 285 (84 S. E. 580) ; *Chandler* v. *Chandler,* 145 *Ga.* 32 (88 S. E. 561) ; *Evitt* v. *Evitt,* 160 *Ga.* 497 (8) (128 S. E. 661). But where both parties seek a divorce upon the ground of cruel treatment, neither party in support of such ground for divorce is competent to testify to any facts showing or tending to show the other guilty of adultery, although such facts would tend to establish the charge of cruel treatment. Applying the above principles, the court did not err in ruling out the evidence above set out.

For the errors dealt with in the foregoing divisions 2, 6, 7, 9, and 10, the court erred in not granting a new trial.

*Judgment reversed. All the Justices concur.*