WHITE *v.* WHITE.

ATKINSON, Justice. 1. In a suit for divorce, in which the answer resisted the grant of divorce and sought an allowance for attorney's fees to enable the wife to defend the action, the judge did not err, at an interlocutory hearing of the application for attorney's fees, in admitting in evidence, over the objection of irrelevancy, the petition and answer in the pending suit instituted by the wife against the husband for alimony and attorney's fees, with an interlocutory judgment thereon awarding attorney's fees and temporary alimony. Neither was it error to admit in evidence, over such objection, answers of an attorney at law to hypothetical questions based in part on such record and judgment, giving opinions on the question of proper amount of attorney's fees allowable for defense of the divorce suit.

2. At such interlocutory hearing the judge did not err, on the pleadings and evidence, in refusing to award "attorney's fees . . at this time."

3. On the trial of the main case the judge did not abuse his discretion in refusing a postponement until after the trial of the suit for alimony and attorney's fees, which in point of time was the first suit instituted, and appeared on the docket of the court first in order for trial.

4. The court did not err in admitting in evidence a letter from the wife to the husband, dated several years before the final separation, over the objection that the letter was a confidential communication between the husband and wife, and inhibited from consideration on account of public policy as provided in the Code of 1933, § 38-418(1). Nor was it error to admit in evidence, over the same objection, testimony of the husband as to the contents of another letter received from the wife. *McCord* v. *McCord*, 140 *Ga.* 170 (2) (78 S. E. 833) ; *Phinizy* v. *Phinizy*, 154 *Ga.* 199 (2 *b*) (144 S. E. 185) ; *Lowry* v. *Lowry*, 170 *Ga.* 349, 352 (6 *a*) (153 S. E. 11, 70 A. L. R. 488).

5. All of the remaining grounds of the motion for new trial complain either of insufficiency of the evidence, for various reasons, to support the verdict, or that the verdict was contrary to certain excerpts from the charge. These are merely elaborative of the general grounds, and do not require a separate ruling.

6. The evidence tended to prove the case as alleged in the petition, to which there was no demurrer, and was sufficient to support the verdict for the plaintiff. Consequently the discretion of the judge in refusing a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur.*

No. 10944. JULY 1, 1936. REHEARING DENIED JULY 17, 1936.

*Arnold, Gambrell & Arnold* and *Henry H. West,* for plaintiff in error.

*Lamar C. Rucker* and *Erwin, Erwin & Nix,* contra.