25426, 25433. BOONE v. BOONE; and vice versa.

UNDERCOFLER, Justice. Mrs. Gwendolyn Bell Boone filed a petition for divorce, temporary and permanent alimony and custody of their minor child against John O. Boone, Sr., on July 30, 1963, on the ground of cruel treatment. The defendant answered the petition and by way of cross action sought a divorce on the ground of cruel treatment and custody of the minor child. On September 16, 1966, the plaintiff amended her petition and alleged that subsequent to the original petition she and the defendant entered into an agreement whereby she would cohabit with the defendant on condition that he would cease the acts of cruelty against her. The amendment alleged that subsequent to such reconciliation, the defendant breached the terms of the agreement and again inflicted cruel and inhumane treatment upon the petitioner causing their separation on July 30, 1966. On August 30, 1966, the husband filed an independent suit for divorce on the ground of cruel treatment. The two actions were consolidated by order of the court. John O. Boone, Sr. amended his suit on April 8, 1969, alleging that Gwendolyn Bell Boone is now "pregnant with an unborn child"; that they separated about July 26, 1966; that he had not had sexual relations with her since that time; and that the unborn child is not his child. He contends that his wife is not entitled to permanent alimony under these facts.

The case was tried before a jury. It granted the husband a divorce, awarded $200 per month child support for the minor child of the parties, awarded $150 per month for a period of twelve months as alimony for the wife, and found that the husband was not the father of the unborn child. The verdict was made the judgment of the court. In accordance with its prior reservation of power, the court awarded an additional $1,000 to the wife as attorneys' fees in its judgment.

The wife appeals and the husband cross appeals from the judgment of the court. *Held:*

1. The wife contends that the evidence is not sufficient to support the verdict of the jury finding that the unborn child was not the child of the husband.

"All children born in wedlock, or within the usual period of gestation thereafter, are legitimate. The legitimacy of a child thus born may be disputed. Where possibility of access

exists, . . . the strong presumption is in favor of legitimacy, and the proof should be clear to establish the contrary." *Code* § 74-101. A child born in wedlock is presumed to be legitimate and is presumed to be the child of the husband. *Wright v. Hicks,* 12 Ga. 155 (4) (56 AD 451).

There is ample evidence of access in the record and no clear proof of the illegitimacy of the child. The wife testified that the child was her husband's child and that although they were separated, he continued to visit her, entertain her and their child, and to have sexual relations with her. The husband testified that he was not the father of the child, although he does admit that he entertained her and their minor child, and "reconciled" on one occasion with her after she became pregnant by another man.

The evidence of adultery of the wife in the record is not competent. It consists entirely of testimony of the husband.

Both parties seek a divorce in this case upon the ground of cruel treatment and neither party is competent to testify to any facts showing or tending to show that the other is guilty of adultery, although such facts would tend to establish the charge of cruel treatment. *Lowry v. Lowry,* 170 Ga. 349, 358 (153 SE 11, 70 ALR 488). "Public policy forbids that a husband should be permitted to thus testify, although there may be no objection, or even if there should be an agreement for him to do so. If adultery was not involved in this issue, the evidence would have been wholly immaterial. But it is evident that it was directly relied on to prevent a judgment for alimony in favor of the wife." *Bishop v. Bishop,* 124 Ga. 293, 297 (52 SE 743); *Peacon v. Peacon,* 197 Ga. 748 (2) (30 SE2d 640).

The legal presumption is in favor of the unborn child's legitimacy and there was no competent evidence to overcome this presumption. The evidence in this case is not sufficient to support the verdict of the jury finding that the unborn child is not the child of the husband.

2. The appellant contends that the following charge was error: "I charge you that if the separation was caused by the misconduct of the *husband* or by the wife without just cause, voluntarily abandoning the husband, then you will not be authorized to grant alimony for the plaintiff and you should find for the husband."

This charge was error. Misconduct of the husband has no bear-

ing on the question of alimony for the wife. However, misconduct of the wife might bar her from receiving permanent alimony. *Davis v. Davis,* 134 Ga. 804 (2) (68 SE 594, 30 LRA (NS) 73, 20 AC 20).

3. The other exceptions to the charge made by the appellant's emunerations of error and argued in her brief do not show compliance with *Code Ann.* § 70-207 (a) and do not show substantial error which was harmful as a matter of law.

*Code Ann.* § 70-207 provides in part: "(a) Except as otherwise provided in this section, in all civil cases, no party may complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury. . . (c) Notwithstanding any other provision of this section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078.

*Judgment reversed on the main appeal; cross appeal dismissed. All the Justices concur.*

SUBMITTED SEPTEMBER 11, 1969—DECIDED SEPTEMBER 29, 1969.

*Gilbert & Carter, Fred A. Gilbert,* for appellant.
*S. S. Robinson,* for appellee.