38427, 38515. BROWN v. HAUSER; and vice versa.

JORDAN, Chief Justice.

These cases involve charges of alienation of affection and criminal conversation.

Charles Hauser brought suit against Earl Brown for alienation of affection and criminal conversation pursuant to Code Ann. § 105-1203. Hauser alleges that Brown, on or about November of 1975 and continuing at least through December of 1978, became his wife's lover and alienated her affections. Hauser alleges that during this time Brown and Laura Hauser shared expenses for an apartment in Atlanta and met there several times a week. Hauser learned of this activity on or about April 1, 1979, and he continued to live and have sexual relations with his wife for sometime thereafter; however, his marriage was terminated by a final decree of divorce on April 30, 1980.

Hauser brought this action on May 6, 1980, in DeKalb Superior Court. On April 4, 1979, prior to Hauser's divorce and the institution of this action, the Georgia General Assembly retroactively repealed Code Ann. § 105-1203, the statute upon which Hauser bases his complaint.

The case came on for jury trial, and the court, after ruling on several motions, declared a mistrial and granted Brown's request for certification for immediate review. We granted the subsequent

petition for immediate review. In case no. 38427, Brown appeals several of the trial court's rulings, and in case no. 38515, Hauser appeals several of the rulings.

We first address Brown's contentions in Case No. 38427.

1. The first issue concerns whether the repeal of Code Ann. § 105-1203 divests Hauser of his right of action against Brown. The trial court ruled that Hauser's cause of action vested prior to and therefore survived the repeal of Code Ann. § 105-1203. We agree for the reasons set forth in *Enger v. Erwin,* 245 Ga. 753 (267 SE2d 25) (1980).

Brown argues that *Enger,* supra, only held the repeal of Code Ann. § 105-1203 to be unconstitutional as applied to actions pending at the time of the repeal, and that, since Hauser's action was filed after the repeal, there is no constitutional problem with the retrospective application of the repeal.

However, the important constitutional question is not when the suit was filed; it is whether Hauser's right to bring an action for alienation of affections had "vested at the time of the repeal of this cause of action by the General Assembly." *Enger v. Erwin,* supra, p. 755.

If Hauser's cause of action had vested prior to the repeal of § 105-1203 then the retrospective application of the repeal of § 105-1203 is unconstitutional. *Enger v. Erwin,* supra.

A cause of action for alienation of affections accrues when there has been a loss of consortium. A loss of consortium has been defined as a loss of the love, society, companionship, and comfort of the wife or husband. See *Prosser on Torts* (4th Ed.), Ch. 23, § 124, p. 876; *Hosford v. Hosford,* 58 Ga. App. 188, 191 (198 SE 289) (1938); Orr v. Sasseman, 239 F2d 182, 184, 186.

Hauser alleges in his complaint and in his deposition that Brown, beginning on about November 1975 and continuing at least through December of 1978, alienated his wife's affections and induced her to engage in illicit relations with him. Hauser alleges that between this time Brown and his wife met at an apartment in Atlanta several times a week and shared expenses for the apartment.

These allegations and statements are sufficient to show that his cause of action against Brown accrued and vested prior to the repeal of Code Ann. § 105-1203.

Brown disagrees. He argues that a loss of consortium, the gist of a cause of action for alienation of affections, is not complete until there has been a loss of sexual relations. Accordingly, he contends that Hauser, by admitting to having had sexual relations with Laura Hauser after April 1, 1979, the date of the repeal of the statute, did not have a vested cause of action prior to the repeal of the statute.

This argument is incorrect; a loss of consortium does not depend upon a loss of sexual relations. See *Hosford v. Hosford,* supra, p. 191.

As Hauser had a vested right to bring this action prior to the repeal of § 105-1203, the retrospective repeal of his cause of action is unconstitutional.

2. Brown next contends that the sexual relations between Charles and Laura Hauser, subsequent to the alleged relations between Brown and Hauser's wife, constitutes condonation and defeats Hauser's cause of action. The trial court held to the contrary, and we agree. Condonation or forgiveness by the aggrieved spouse of the other spouse's conduct does not bar recovery against a third party for alienation of affections. See *Sikes v. Tippins,* 85 Ga. 231 (1) (11 SE 662) (1890) and *Prosser on Torts* (4th Ed.), Ch. 23, § 124, p. 879.

3. Brown questions whether under Code Ann. § 38-1606 he is competent to testify in an action brought pursuant to Code Ann. § 105-1203 alleging both criminal conversation and alienation of affection. The trial court ruled that Brown could testify as to alienation of affection but could not testify as to criminal conversation other than to deny the alleged criminal conversation. We agree in part and disagree in part as we conclude that Brown is competent to testify to any issue involved in this suit. An understanding of this conclusion necessitates an examination of the history of the law of competency.

Under the common law, persons convicted of crimes, persons interested in the outcome of a case, and parties to the case were disqualified as witnesses. See, Green, *Ga. Law of Evidence,* § 145, p. 356 (1957), and *Daniels v. State,* 132 Ga. App. 673 (2) (209 SE2d 72) (1974), affd. 233 Ga. 614 (212 SE2d 794) (1975). These common law rules were revised in 1866 by certain acts of the legislature, the pertinent provisions of which have been codified at Code Ann. §§ 38-1603 and 38-1606.

Generally, Code Ann. § 38-1603, as enacted in 1866 and subsequently amended, makes all persons formerly incompetent witnesses, competent. See, *Daniels v. State,* supra, p. 674. However, Code Ann. § 38-1606 was enacted as an exception to this competency statute and remained as such until a recent 1982 amendment. See Ga. L. 1982, Vol. I, Book II, p. 1187. Until the April 1982 amendment, the competency exception of § 38-1606 specified that "Nothing contained in section 38-1603 shall apply to any action, suit, or proceeding in any court, instituted in consequence of adultery. . . ." Consequently, prior to the April 1982 amendment to § 38-1606, the broad rules of competency codified by § 38-1603 did not apply in cases "instituted in consequence of adultery." Accordingly, in such cases the pre-1866 statutory and common law rules of incompetency

applied, rendering parties and interested persons incompetent witnesses. See, *Daniels v. State,* supra; *Sloan v. Briant,* 56 Ga. 59 (1876); *Graves v. Harris,* 117 Ga. 817 (45 SE 239) (1903); *Peacon v. Peacon,* 197 Ga. 748 (30 SE2d 640) (1949).

Code Ann. § 38-1606, as amended in 1982, now provides that "In any civil proceeding a husband and wife shall each be competent to testify to the adultery of the other; and a party shall be competent to testify to his or her innocence of adultery." See, Ga. L. 1982, Vol. I, Book II, p. 1187. This April 1982 amendment, which became effective on April 14, 1982, has eliminated the prior language excepting cases instituted in consequences of adultery from the broad competency rules of Code. Ann. § 38-1603. Consequently, in such cases the competency rules of § 38-1603, which make all persons competent witnesses, are now applicable.

As a result of the April 14, 1982 amendment to Code Ann. § 38-1606, Brown's argument that he is incompetent to testify because the current action was instituted in consequence of adultery is meritless. Under Code Ann. § 38-1606, as amended, Brown is a competent witness to testify to all matters involved in this suit.

4. The final issue in case no. 38427 concerns whether Brown has waived certain defenses by failing to pursue them before the call of the case and the subsequent mistrial. In particular, Brown contends that as a result of 81A-112 (h) (2) he has not waived the right to raise, at the time of trial, the defense of plaintiff's failure to state a claim upon which relief could be granted. The trial court ruled Brown "has not abandoned these defenses which are in his answer and counterclaim by failing to raise these motions prior to the call of the case." We agree with Brown's contention and the trial court's ruling. See, *Southern Concrete Co. v. Carter Const. Co.,* 121 Ga. App. 573 (1) (174 SE2d 447) (1970).

We now move to Hauser's contentions in case no. 38515.

1. Hauser first contends that the trial court erred in ruling that Laura Hauser, his ex-wife, was incompetent to testify as to any issue in the case due to Code Ann. § 38-1606. Though we have no record of this ruling, we will assume it was made and reach the issue involved.

We find nothing contained in the present Code Ann. § 38-1606 which renders Laura Hauser incompetent.

Pursuant to Code Ann. § 38-1603, Laura Hauser, Charles' ex-wife, is competent to testify to all issues involved in this case.

2. Hauser next contends that Brown is a competent witness. This contention is correct. See Division 3 of case no. 38427.

3. Hauser next contends that the trial court erred in ruling that he could not testify to the adultery of his ex-wife, Laura Hauser. For the reasons given in Division 3 of case no. 38427, Charles Hauser is a

competent witness and may testify to all matters involved in this case.

4. Hauser excepts to the trial court's ruling that the jury may not be informed, by way of a jury charge, that the testimony of some persons relating to adultery is prohibited by § 38-1606. As a result of the above holdings that Brown, Charles Hauser, and Laura Hauser are all competent to testify to the issue of adultery, this issue is now moot.

*Judgments affirmed in part; reversed in part. All the Justices concur.*

DECIDED JUNE 2, 1982 —
REHEARING DENIED JUNE 22, 1982.

*Haas, Holland, Lipshutz, Levison & Gibert, Richard N. Hubert,* for appellant.
*Turner, Turner & Turner, Jack P. Turner, Anne H. Jarrett,* for appellee.